**Hector L. Huertas**
By: Hector L Huertas, (HLH, 2011)
    Pro Se
2205 Sewell Street
Post Office Bo x 448
Camden, N.J. 08101
Phone: +1(856)365-8408
**hlhuertas@yahoo.com**

RECEIVED-CLERK
U.S. DISTRICT COURT

2008 OCT 17 P 5: 19

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| Hector L Huertas, | ) Honorable Robert B. Kugler |
| | ) |
| Plaintiff, | ) Magistrate Joel Schneider |
| | ) |
| v. | ) **D.C. Civ. No. 08 –cv–03959-RBK-JS** |
| | ) |
| **U.S. Department of Education**; | ) *Jury Trial Demanded* |
| **Diane Spadoni**, Director, Customer Care | ) |
| Group, Borrower Services *in her official* | ) **AMENDED COMPLAINT** |
| *and individual capacity*; | ) |
| **Premier Credit of North America, LLC**; | ) |
| **Collectco, Inc**, D/B/A/Collection | ) |
| Company Of America; | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT AND JURY DEMAND

   Plaintiff, Hector L Huertas, complains against the United States Department of Education ("DOE"), its Director of Customer Care Group of Borrower Services Diane Spadoni, its debt collector Premier Credit of North America, LLC ("PCNA"), and its original debt collector Collectco, Inc, d/b/a/ Collection Company of America ("CCA"), hereinafter "Defendants" as follows:

## A. NATURE OF THE ACTION

1.    This is an action brought pursuant to 15 U.S.C. § 1692 *et seq.*, for violations of the Fair Debt Collection Practices Act ("FDCPA"); 31 U.S.C. 3720A *et seq.*, for failure to provide plaintiff due process before implementing administrative offset to plaintiff's economic stimulus tax refund in the amount of $300.00; 31 U.S.C § 3716 *et seq.*, for failure to provide plaintiff due process before implementing administrative offset to plaintiff's social security disability benefits; and for violations of 31 U.S.C. § § 3711 *et seq.* and 3713 *et seq*, for failing to acquire plaintiff's house to pay plaintiff's student loans by exercising a super-priority federal lien over state and local liens. This is also an action brought pursuant to Fedral Civil Rights Act against racial/place of origin discrimination; the Privacy Act, 5 U.S.C. § 552a *et seq.*, for violations of the Federal Privacy Act ("Privacy Act"); and I.R.S. Code 26 U.S.C. § 7431(a). Additionally, a cause of action pursuant to the Fiar Credit Reporting Act *against Collectco, Inc* ("**CCA**").

## B.    PARTIES

2.    The Plaintiff is Hector L Huertas; The Defendants are the United States Department of Education, Diane Spadoni, Premier Credit of North America, LLC, and Collection Company of America.

3.    Plaintiff currently resides and received Defendants' debt collection letters in The City of Camden, County of Camden, State of New Jersey.

4.　　Defendant United States Department of Education is the employer of Defendant Diane Spadoni and is a federal agency of the United States Government.

5.　　Upon information and belief, Defendant PCNA is a federal student debt collection corporation headquartered at 2002 Wellesley Blvd # 100; Indianapolis, IN 46219-2417 United States.

6.　　At all times herein mentioned, Defendant PCNA was an agent of Defendant DOE, and doing the things alleged, was acting within the scope of such agency.

6a.　　Upon information and belief, Defendant Collectco, Inc (True name), d/b/a as Collection Company of America (Assumed name), is a federal student debt collection corporation headquartered at 700 Longwater Drive, Norwell, MA 02061 United States.

6b.　　At all times herein mentioned, Defendant Collectco, Inc (**CCA**) was an agent of Defendant DOE, and doing the things alleged, was acting within the scope of such agency.

## C.　**JURISDICTION**

7.　　Jurisdiction is proper in United States District Court under 28 U.S.C. § 1331 because there is a federal question for the alleged violation of Federal Statutes, 15 U.S.C. § 1692(k)(d), 28 U.S.C. § 1337, 28 U.S.C. § 1346(a)(1), 28 U.S.C. § 1346(a)(2), 28 U.S.C. § 1367, 28 U.S.C. § 2201, 28 U.S.C. § 202, 31 U.S.C. § 3720A, and 15 U.S.C. § 1681.

8.   Jurisdiction is also proper in United States District Court under 28 U.S.C. §
1331 and 5 U.S.C. § 552a(g)(1)(D) because there is a federal question for the
alleged violation of Federal Privacy Act 5 U.S.C. § § 552a(b), a(c)(1), a(e)(9),
a(e)(10).

9.   Further, Defendants operate, conduct, engage in, or carry on a business or
business venture in the State of New Jersey, and therefore have debts owing to
them in the state.

### D.   VENUE

10.   Venue is proper in United States District Court for the District of New
Jersey pursuant to 28 U.S.C. § 1391e(1), and (2), as the acts or omissions, which
gave rise to the cause of action occurred in Camden, New Jersey within the United
States.

### E.   COMPLAINT

11.   That in the years 1991 to 1997, the plaintiff attended Rutgers University in
Camden as a part-time student and incurred debts owing to defendant DOE.

12.   Upon information and belief, the plaintiff did not receive some of the checks
and monies claimed by defendant DOE.

13.   Upon information and belief, the plaintiff HECTOR L HUERTAS was
eligible for a Federal Pell Grant for 1996/1997 per official DOE document.

14.     On November 1, 2000, RTL Partners, L.P. filed a notice of Lis Pendens in the Superior Court of New Jersey, Chancery Division, Camden County Docket No. F-16716-00 concerning plaintiff HECTOR L HUERTAS' house.

15.     Most notably, the United States of America was listed as a lien holder defendant.

16.     As plaintiff, RTL Partners, L.P., foreclosed the equity of redemption by reason of Certificate of Tax Sale Number 94-1831 concerning plaintiff's house, his only remaining asset, located at 134 N. 32nd Street in Camden, N.J. 08105.

17.     On July 2nd, 2004, Gladiator Investment Partnership, as the new Plaintiff in that matter, obtained an "Indenture" from Donald P. Phelan, Clerk of Superior Court, concerning the sheriff's sale of plaintiff HECTOR L HUERTAS' house.

18.     Once again, the United States of America was named as one of the defendant lien holders.

19.     The "Indenture" further states that "(. . . except the question of priority between the Plaintiff and the United States of America. . . )"

20.     On November 1st, 2005, the property located next door to plaintiff's house, that is, 132 N. 32nd Street in Camden, NJ 08105, was sold for $20,000.

21.     On December 3rd, 2004, a property located within the adjacent block parallel to the block where plaintiff's house is located, that is, the property located at 127 N. 33rd Street, Camden, N.J. 08105, was sold for $83,000 dollars.

22.     On December 4th, 2003, a property located on the same block as plaintiff's property, that is, the property located at 120 N. 32nd Street in Camden, NJ 08105, was sold for $33,000.

23.     On March 29th, 2006, a mortgage for $67,500 was placed on a property located within an adjacent block to plaintiff's property, that is, the property located 3281 Rosedale Avenue in Camden, NJ 08105.

24.     On or about January 29th, 2007, the plaintiff HECTOR L HUERTAS received a "FIRST DEMAND NOTICE" debt collection letter from defendant DOE's original debt collector, Collection Company of America (""CCA") for total amount of $27,740.30 comprised of $20,202.95 plus $1,989.26 in interest and $5,548.07 in penalty charges.

25.     On or about February 25 and May 28, 2007, **CCA** provided the plaintiff with copies of documents from defendant DOE's alleged student loan file that included plaintiff's tax return for year 2000, private confidential information, and some documentation from Rutgers University in Camden, concerning the disputed DOE debt.

26.     Subsequently, **CCA** ceased all communications with the plaintiff.

27.     Defendant DOE transferred the outstanding debt to defendant PCNA.

28.     The principal purpose of PCNA is the collection of debts using the United States Postal Service and telephone.

29.    Defendant PCNA regularly collects debts alleged to be due another.

30.    Defendant PCNA is a registered agency with defendant DOE to collect guaranteed student loans.

31.    Defendant PCNA is a "debt collector" as defined by the Federal Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692a(6).

32.    On or about October 29th, 2007, the plaintiff received notification from defendant PCNA that it intended to collect the debt due and owing to defendant DOE for $20,202.95 plus $3,195.78 in interest and $5,614.83 in penalty charges and also demanded debt collection fees in the amount of 25% of the principal and interest unpaid.

33.    On or about November 25th, 2007, the plaintiff HECTOR L HUERTAS received a follow up letter from defendant PCNA acknowledging its receipt of plaintiff's dispute letter, and that PCNA representative, Stacy Engle, was to order copies of promissory notes and that Mrs. Engel would forward them to plaintiff.

34.    On or about December 8th, 2007, the plaintiff received a second debt collection letter from PCNA threatening "other courses of action".

35.    On or about December 26th, 2007, the plaintiff received PCNA's verification of the debt, that is, the promissory notes ordered by Stacy Engel.

36.     On February 27th, 2008, plaintiff HECTOR L HUERTAS became aware that the Social Security Administration ("SSA") deposited only $750.00 into his checking account instead of the expected amount of $855.70.

37.     At no time did defendant DOE inform plaintiff that it intended to offset plaintiff's social security disability monthly benefits to pay the alleged debt allegedly owed to defendant DOE prior to commencement of offsets.

38.     On March 7th, 2008, after contacting the SSA, plaintiff HECTOR L HUERTAS requested a review and administrative hearing from defendant DOE for a formal review of the alleged debt, and plaintiff objected to the denial of due process rights pursuant to 31 U.S.C. § 3716, to no avail.

39.     On or about March 30th, 2008, subsequent to defendant DOE receiving plaintiff's request for review and administrative hearing challenging the validity of the subject debt and objection concerning the denial of due process rights pursuant to 31 U.S.C. § 3716, defendant Diane Spadoni responded to wit:

> According to 31 U.S.C. 3716, the Department is required to send the borrower a notice prior to offset. A notice was sent to your address of record on August 6, 2007. The Department is not required to confirm that the borrower received the notice before referring the account for offset.

40.     Defendant DOE and its Director Diane Spadoni intentionally provided the Financial Management Service of the Department of the Treasury ("FMS") a wrong address and convinced FMS to send the FMS social security disability benefits offset notices to that wrong address, which FMS did.

41. To date, the defendant DOE has failed to acknowledge plaintiff HECTOR L HUERTAS' dispute of the debt, and provide plaintiff HECTOR L HUERTAS with an administrative hearing.

42. Subsequent to defendant DOE receiving plaintiff HECTOR L HUERTAS' March 7th, 2008 requests for review and administrative hearing challenging the validity and legal status of the subject debt, defendant DOE ignored plaintiff and has continued to garnish plaintiff HECTOR L HUERTAS' social security benefits.

43. On or about May 7th, 2008 at his proper address, the plaintiff HECTOR L HUERTAS received an offset notice from FMS notifying the plaintiff that his economic stimulus tax refund was offset in favor of defendant DOE.

44. At no time did defendant DOE inform plaintiff that it intended to offset plaintiff's tax refund to pay the alleged debt allegedly owed to defendant DOE prior to offset of plaintiff's economic stimulus tax refund..

45. On or about May 7th, 2008, without plaintiff HECTOR L HUERTAS' knowledge, permission, or consent, the FMS offset plaintiff's economic stimulus tax refund and paid the total sum of $300.00 to defendant DOE.

46. Defendant DOE has provided its authorization and consent for plaintiff HECTOR L HUERTAS to bring the subject action against it.

47. From February 27th, 2008 to date, without plaintiff's knowledge, permission, or consent, the FMS began to offset plaintiff HECTOR L HUERTAS' monthly

social security disability payments for the sum of $105.70 and paid such monthly sums to defendant DOE.

48.     On or about May 2nd, 2008, without plaintiff's knowledge, permission, or consent, the FMS offset plaintiff HECTOR L HUERTAS economic stimulus tax refund and paid the total sum of $300.00 to defendant DOE.

## I. Count 1 – Violation of 31 U.S.C. § 3716(a) and (b) CLAIMS OF THE UNITED STATES GOVERNMENT (requirement that the head of the agency may collect by administrative offset only after "trying to collect a claim from a person under section 3711 (a) of this title" and then giving the debtor [procedural due process])

49.     Paragraphs 10 through 47 are incorporated herein by reference as though fully set forth.

50.     Defendants did not provide plaintiff HECTOR L HUERTAS with the required notice prior to commencement of offsets, in the amount of $105.70, of plaintiff's monthly social security disability benefits.

51.     The notice must notify the plaintiff HECTOR L HUERTAS that defendant DOE proposes to offset plaintiff's monthly social security disability benefits.

52.     Defendant DOE did not notify plaintiff of its intent to offset plaintiff's monthly social security disability benefits.

53.     The notice must give plaintiff HECTOR L HUERTAS an explanation of his rights as a debtor under § 3716.

54. Defendant DOE did not provide plaintiff HECTOR L HUERTAS an explanation of his rights as a debtor under § 3716.

55. Prior to asserting any right of offset pursuant to § 3716, defendant DOE is required to consider "trying" all prerequisite methods of collecting on federal debts pursuant to 31 U.S.C. § 3711 and any evidence proffered by plaintiff HECTOR L HUERTAS and determine that the alleged debt valid, past due, and legally enforceable.

56. Upon information and belief, defendant DOE did not consider the validity of the alleged debt, and whether the alleged debt is, in fact, past due and legally enforceable prior to claiming a right of offset to plaintiff's monthly social security disability benefits.

57. Prior to asserting a right of offset, defendants are required to certify that reasonable efforts were made to "TRY" to obtain payment of such debt under 31 U.S.C. § 3711, including pursuing the federal super-priority lien defendant DOE held on plaintiff HECTOR L HUERTAS' real property.

58. Upon information and belief, defendant DOE made no reasonable efforts to ascertain the validity of the debt or to "TRY" to obtain payment of the alleged debt via its super-priority lien it held on plaintiff HECTOR L HUERTAS' real property prior to asserting any right of offset.

59.    Plaintiff HECTOR L HUERTAS did not receive a notice as required by 31 U.S.C. § 3716(a) prior to being deprived of his monthly social security disability benefits.

60.    Plaintiff HECTOR L HUERTAS, as a taxpayer and a disabled U.S. Army veteran honorably discharged, has a property interest in his monthly social security disability benefits sufficient to entitle him to protections of procedural due process before he is deprived of social security disability benefits.

61.    Defendant DOE violated plaintiff HECTOR L HUERTAS' procedural due process rights by depriving him of his property interest.

62.    As a proximate result of defendant DOE failure to comply with 31 U.S.C. §§ 3716(a) and 3711, plaintiff HECTOR L HUERTAS has been damaged.

63.    As a proximate result of defendant DOE's violation of plaintiff's due process rights, plaintiff HECTOR L HUERTAS has been damaged.

64.    Defendants acted with full knowledge of the consequences and damages being caused to plaintiff HECTOR L HUERTAS, and defendants' conduct is therefore willful, oppressive, and malicious. Accordingly, plaintiff HECTOR L HUERTAS is entitled to punitive damages against all defendants.

65.    As a proximate result of the above violations of the § 3716, defendants are liable to plaintiff HECTOR L HUERTAS for declaratory judgment that defendant

defendants' conduct violated § 3716, and plaintiff's actual damages, statutory damages, and costs and attorney's fees.

66.     Defendants acted with full knowledge of the consequences and damages being caused to plaintiff HECTOR L HUERTAS, and defendants' conduct is therefore willful, oppressive, and malicious. Accordingly, plaintiff is entitled to punitive damages against defendants.

## II. Count 2 – Violation of 31 U.S.C. § 3720A(a) CLAIMS OF THE UNITED STATES GOVERNMENT (requirement of federal agencies to reduce tax refund only on legally enforceable debts).

67.     Paragraphs 10 through 47 are incorporated herein by reference as though fully set forth.

68.     § 3720A(a) allows a federal agency that is owed a past-due and legally enforceable debt from an individual to reduce the amount of a tax refund to which the individual is entitled by the amount of the debt.

69.     Defendants did not have a legally enforceable debt on plaintiff to claim a right of offset to plaintiff's economic stimulus tax refund because defendant DOE already had enjoyed a federal lien on plaintiff HECTOR L HUERTAS' real property pursuant to 31 U.S.C. § 3711.

70.     As a proximate result of the above violations of the § 3720A, defendants are liable to plaintiff HECTOR L HUERTAS for declaratory judgment that defendant

defendants' conduct violated § 3720A, and plaintiff's actual damages, statutory damages, and costs and attorney's fees.

71.    Defendants acted with full knowledge of the consequences and damages being caused to plaintiff HECTOR L HUERTAS, and defendants' conduct is therefore willful, oppressive, and malicious. Accordingly, plaintiff is entitled to punitive damages against defendants.

### III.   Count 3 – Violation of 31 U.S.C. § 3720A(b)(1) CLAIMS OF THE UNITED STATES GOVERNMENT (No Federal agency may take action pursuant to subsection (a) with respect to any debt until such agency [notifies debtor of procedural due process rights]).

72.    Paragraphs 10 through 47 are incorporated herein by reference as though fully set forth.

73.    Defendants did not provide plaintiff with the required notice prior to offsetting plaintiff's economic stimulus tax refund in the amounts of $300.

74.    The notice must notify the plaintiff HECTOR L HUERTAS that defendant DOE propose to offset plaintiff's tax refund.

75.    Defendant DOE did not notify plaintiff of its intent to offset plaintiff's tax refund.

76.    The notice must give plaintiff HECTOR L HUERTAS at least 60 days to present evidence that all or part of the alleged debt is not past due or not legally enforceable.

77.   Defendant DOE did not provide plaintiff HECTOR L HUERTAS at least 60 days, or any opportunity for that matter, to present evidence showing that the student loans should have been extinguished by the super-priority federal lien placed on plaintiff's real property, and therefore, is not legally enforceable prior to claiming a right of offset to plaintiff's tax refund.

78.   Prior to asserting any right of offset, defendant DOE is required to consider all prerequisite methods of collecting on federal debts and any evidence proffered by plaintiff HECTOR L HUERTAS and determine that the alleged debt valid, past due, and legally enforceable.

79.   Upon information and belief, defendant DOE did not consider the validity of the alleged debt, and whether the alleged debt is, in fact, past due and legally enforceable prior to claiming a right of offset to plaintiff's tax refund.

80.   Prior to asserting a right of offset, defendants are required to certify that reasonable efforts were made to obtain payment of such debt, including pursuing the federal super-priority lien held on plaintiff HECTOR L HUERTAS' real property.

81.   Upon information and belief, defendant DOE made no reasonable efforts to ascertain the validity of the debt or to obtain payment of the alleged debt via its super-priority lien it held on plaintiff HECTOR L HUERTAS' real property prior to asserting any right of offset.

82.    Plaintiff HECTOR L HUERTAS did not receive a notice as required by 31 U.S.C. § 3720A prior to being deprived of his economic stimulus tax refund.

83.    Plaintiff HECTOR L HUERTAS, as a taxpayer and a disabled U.S. Army veteran honorably discharged, has a property interest in his tax refunds sufficient to entitle him to protections of procedural due process before he is deprived of tax refunds.

84.    Defendant DOE violated plaintiff HECTOR L HUERTAS' procedural due process rights by depriving him of his property interest.

85.    As a proximate result of defendant DOE failure to comply with 31 U.S.C. § 3720A, plaintiff HECTOR L HUERTAS has been damaged.

86.    As a proximate result of defendant DOE's violation of plaintiff's due process rights, plaintiff HECTOR L HUERTAS has been damaged.

87.    Defendants acted with full knowledge of the consequences and damages being caused to plaintiff HECTOR L HUERTAS, and defendants' conduct is therefore willful, oppressive, and malicious. Accordingly, plaintiff HECTOR L HUERTAS is entitled to punitive damages against all defendants.

IV.    **Count 4 – Violation of the Federal Fair Debt Collection Practices Act § 1692d (A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.)**

88.    Paragraphs 24 through 35 are incorporated herein by reference as though fully set forth.

89.   Defendant **CCA**, and PCNA violated § 1692d by threatening to add an illegal penalty, and debt collection fee of 25% of the principal and interest unpaid to the alleged debt. PCNA threatened plaintiff with "other *courses* [emphasis] of action".

90.   Paragraphs 23 through 48 are incorporated herein by reference as though fully set forth.

91.   Defendants DOE and Diane Spadoni violated § 1692d by refusing to mail proper notices under § 3716a and § 3720A to plaintiff HECTOR L HUERTAS and intentionally providing the FMS a wrong address.

92.   As a proximate result of the above violations of the FDCPA, defendant PCNA is liable to plaintiff HECTOR L HUERTAS for declaratory judgment that defendant PCNA conduct violated the FDCPA, and plaintiff's actual damages, statutory damages, and costs and attorney's fees.

93.   Defendant PCNA acted with full knowledge of the consequences and damages being caused to plaintiff HECTOR L HUERTAS, and defendant PCNA's conduct is therefore willful, oppressive, and malicious. Accordingly, plaintiff is entitled to punitive damages against defendant PCNA.

### V.  Count 5 – Violation of the Federal Fair Debt Collections Practices Act 15 U.S.C. § 1692g(b) (requirement that debt collector cease collection if consumer disputes debt)

94.     Paragraphs 31 through 34 are incorporated herein by reference as though fully set forth.

95.     As a proximate result of the above violations of the FDCPA, defendants DOE and PCNA are liable to plaintiff HECTOR L HUERTAS for declaratory judgment that defendants DOE and PCNA conduct violated the FDCPA, and plaintiff's actual damages, statutory damages, and costs and attorney's fees.

96.     Defendants DOE and PCNA acted with full knowledge of the consequences and damages being caused to plaintiff HECTOR L HUERTAS, and defendants DOE and PCNA's conduct is therefore willful, oppressive, and malicious. Accordingly, plaintiff is entitled to punitive damages against defendants DOE and PCNA.

## VI.   Count 6 – Violation of the Federal Fair Debt Collection Practices Act §1692e(2)(A) and §1692e(10) (misrepresenting amount and legal status of debt)

97.     Paragraphs 10 through 47 are incorporated herein by reference as though fully set forth.

98.     Defendants DOE, **CCA**, and PCNA violated § § 1692e(2)(A) and 1692e(10) by falsely representing the character, amount, and legal status of the alleged debt owed to defendant DOE and by wrongfully adding 25% of the alleged principal and interest allegedly unpaid to the debt (¶ 24, 32).

99.  As a proximate result of the above violations of the FDCPA, defendants DOE and PCNA are liable to plaintiff HECTOR L HUERTAS for declaratory judgment that defendants DOE and PCNA conduct violated the FDCPA, and plaintiff's actual damages, statutory damages, and costs and attorney's fees.

100.  Defendants DOE and PCNA acted with full knowledge of the consequences and damages being caused to plaintiff HECTOR L HUERTAS, and defendants DOE and PCNA's conduct is therefore willful, oppressive, and malicious. Accordingly, plaintiff is entitled to punitive damages against defendants DOE and PCNA.

### VII.  Count 7 – Violation of the Federal Fair Debt Collection Practices Act §1692f (prohibition of using unfair and unconscionable collection methods)

101.  Paragraphs 10 through 47 are incorporated herein by reference as though fully set forth.

102.  As a proximate result of the above violations of the FDCPA, defendants DOE, **CCA**, and PCNA are liable to plaintiff HECTOR L HUERTAS for declaratory judgment that defendants DOE and PCNA conduct violated the FDCPA, and plaintiff's actual damages, statutory damages, and costs and attorney's fees.

103.  Defendants DOE and PCNA acted with full knowledge of the consequences and damages being caused to plaintiff HECTOR L HUERTAS, and defendants

DOE and PCNA's conduct is therefore willful, oppressive, and malicious. Accordingly, plaintiff is entitled to punitive damages against defendants DOE and PCNA.

### VIII. <u>Count 8 – Violation of the Privacy Act 5 U.S.C. § 552a(b) (No agency shall disclose any record which is contained in a system of records by any means of communication to *any person*, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains)</u>

104.  Paragraphs 24 and 34 are incorporated herein by reference as though fully set forth.

105.  Defendant DOE disclosed to its debt collector **CCA** plaintiff HECTOR L HUERTAS' student loan records that contained confidential and private information, to wit, plaintiff's social security number, tax return for the year 2000, medical information, names and addresses of plaintiff's sister and father, New Jersey driver's license number, internal documents and student information from Rutgers University, and privileged doctor/patient medical information.

106.  Defendant DOE disclosed to its debt collector PCNA plaintiff HECTOR L HUERTAS' student loan records that contained confidential and private information, to wit, plaintiff's social security number, names and addresses of plaintiff's sister and father, New Jersey driver's license number, internal documents and student information from Rutgers University.

107. As a proximate result of the above violations of the Privacy Act § 552a(b), defendants are liable to plaintiff HECTOR L HUERTAS for declaratory judgment that defendant defendants' conduct violated § 552a(b), and plaintiff's actual damages, statutory damages, and costs and attorney's fees.

108. Defendants acted with full knowledge of the consequences and damages being caused to plaintiff HECTOR L HUERTAS, and defendants' conduct is therefore willful, oppressive, and malicious. Accordingly, plaintiff is entitled to punitive damages against defendants.

## IX. Count 9 – Violation of I.R.S. Code 26 U.S.C. § 7431(a)  (Inspection or disclosure of a taxpayer's tax return by employees of United States and non-employees)

109. Paragraphs 104 through 105 are incorporated herein by reference as though fully set forth.

110. As a proximate result of the above violations of the I.R.S. Code, defendants DOE and CCA are liable to plaintiff HECTOR L HUERTAS for declaratory judgment that defendants' conduct violated 26 U.S.C. § 7431(a), and plaintiff's actual damages, statutory damages, and costs and attorney's fees.

111. Defendants acted with full knowledge of the consequences and damages being caused to plaintiff HECTOR L HUERTAS, and defendants' conduct is therefore willful, oppressive, and malicious. Accordingly, plaintiff is entitled to punitive damages against defendants.

## X. Count 10 – Violation of the Privacy Act § 552a(e)(9) and (10) (establish rules of conduct and appropriate administrative, technical, and physical safeguards to insure the security and confidentiality of records)

112.  Paragraphs 103 through 105 are incorporated herein by reference as though fully set forth.

113.  As a proximate result of the above violations of the Privacy Act § 552a(e)(9) and (10), defendants are liable to plaintiff HECTOR L HUERTAS for declaratory judgment that defendant defendants' conduct violated § 552a(e)(9) and (10), and plaintiff's actual damages, statutory damages, and costs and attorney's fees.

114.  Defendants acted with full knowledge of the consequences and damages being caused to plaintiff HECTOR L HUERTAS, and defendants' conduct is therefore willful, oppressive, and malicious. Accordingly, plaintiff is entitled to punitive damages against defendants.

## XI.   Count 11– Eleventh claim for relief

115.  Defendants published to various credit unions false, duplicate, and repetitive credit information concerning plaintiff.

116.  As a proximate result of defendants' intentional conduct, plaintiff's credit ratings have been damaged.

117.  As a proximate result of the above violations, defendants are liable to plaintiff HECTOR L HUERTAS for declaratory judgment that defendant

defendants' conduct violated his rights, and plaintiff's actual damages, statutory damages, and costs and attorney's fees.

118.  Defendants acted with full knowledge of the consequences and damages being caused to plaintiff HECTOR L HUERTAS, and defendants' conduct is therefore willful, oppressive, and malicious. Accordingly, plaintiff is entitled to punitive damages against defendants.

## XII.  Count 12 – Twelfth claim for relief

119.  If defendants are not enjoined from continuing the course of conduct described above, including, without limitations, their collection efforts for a debt that should already be extinguished if not for defendants' unfair and unconscionable collection methods, and the wrongful disclosures of plaintiff HECTOR L HUERTAS' confidential and private information, the plaintiff will continue to be irreparably harmed.

120.  Plaintiff has no adequate remedy at law.

## XIII. Count 13 – Thirteenth claim for relief

121.  A real, present, and actual controversy has arisen between plaintiff and defendants concerning the validity, character, amount, and legal status of the student loans.

122.  Plaintiff desires a judicial determination as to the validity, character, amount, and legal status of the student loans.

123.   This includes a declaration that defendants used unfair and unconscionable collection practices to discriminate against the Hispanic plaintiff and that the student loans are not the legal obligation of plaintiff.

124.   This includes a declaration that defendants did not have a legally enforceable debt against plaintiff.

125.   Such declarations are necessary and appropriate at this time in order to protect plaintiff's property interests in his social security disability payments and in his tax refunds and to prevent defendants from further depriving plaintiff of his social security disability payments and tax refunds.

## XIV. Count 14 – Fourteenth claim for relief

126.   Paragraphs 10 through 47 are incorporated herein by reference as though fully set forth.

127.   As a proximate result of defendants' intentional conduct, plaintiff HECTOR L HUERTAS' has been discriminated against because he is Hispanic.

128.   As a proximate result of the above violations, defendants are liable to plaintiff HECTOR L HUERTAS for declaratory judgment that defendant defendants' conduct violated his rights, and plaintiff's actual damages, statutory damages, and costs and attorney's fees.

129.   Defendants acted with full knowledge of the consequences and damages being caused to plaintiff HECTOR L HUERTAS, and defendants' conduct is

therefore willful, oppressive, and malicious. Accordingly, plaintiff is entitled to punitive damages against defendants.

## XV.  Count 15 – Violation of the Federal Fair Credit Reporting Act § 1681n (for for obtaining plaintiff's consumer report under false pretenses or knowingly without a permissible purpose)

130.  Paragraphs 24 through 35 are incorporated herein by reference as though fully set forth.

131.  On January 24, 2007, Defendant **CCA** obtained plaintiff HECTOR L HUERTAS' credit report from Experian, Inc for an improper purpose.

132.  Defendant **CCA** never intended to adequately "try" to collect the DOE alleged debt and instead such alleged debt was transferred to Defendant PCNA for collection.

133.  As a proximate result of defendants' intentional conduct, plaintiff HECTOR L HUERTAS' privacy and confidential information was violated and he has been discriminated against because he is Hispanic.

134.  As a proximate result of the above violations, defendants are liable to plaintiff HECTOR L HUERTAS for declaratory judgment that defendant's conduct violated his privacy rights, and plaintiff's actual damages, statutory damages, and costs and attorney's fees.

135.  Defendant **CCA** acted with full knowledge of the consequences and damages being caused to plaintiff HECTOR L HUERTAS' privacy rights, and

defendants' conduct is therefore willful, oppressive, and malicious. Accordingly, plaintiff is entitled to punitive damages against defendant **CCA**.

## F.   **DAMAGES**

136.  Plaintiff seeks recovery of all actual damages in an amount according to proof, punitive damages, additional damages under the FDCPA, FCRA, Privacy Act, I.R.S. Code, and Federal Civil Rights Acts, in an amount according to proof against Defendants and all other relief to which the Plaintiff may be justly and properly entitled.

## G.   **PRAYER**

137.  WHEREFORE, the plaintiff prays for the following relief:

1.  Judgment in favor of plaintiff and against defendants;

2.  Declaratory judgment that defendants' acts violated the FDCPA;

3.  Declaratory judgment that defendants' acts violated the Federal Privacy Act;

4.  Declaratory judgment that the student loans ARE not the legal responsibility of plaintiff HECTOR L HUERTAS;

5.  An Order enjoining defendants from engaging in further collection efforts against plaintiff HECTOR L HUERTAS;

6.  An Order enjoining defendants from further offsetting plaintiff HECTOR L HUERTAS' monthly social security disability benefits and future tax refunds concerning the alleged debt herein;

7.  Actual damages;

8.  Special damages;

9.  Statutory damages for each violation pursuant to 15 U.S.C. § 1692k, 5 U.S.C. § 552a(g)(1)(D), Federal Civil Rights Act,  31 U.S.C. 3720A, and 31 U.S.C. § 3716;

10. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k, 5 U.S.C. § 552a(g)(1)(D), 31 U.S.C. 3720A, and 31 U.S.C. § 3716;

11. Punitive damages of $100,000 against each defendant;

12. Statutory damages for each violation pursuant to 26 U.S.C. § 7431(c) against Defendant Collectco, Inc ("**CCA**");

13. Statutory and punitive damages for each violation pursuant to 15 U.S.C. § 1681n against Defendant Collectco, Inc ("**CCA**"); and,

14. For such other and further relief as the Court may deem proper and just.

## H.   <u>JURY TRIAL DEMANDED</u>

138.  Plaintiff hereby demands a jury trial.

Dated this /7th day of October, 2008

By: _____
Hector L Huertas, Pro Se

CLERK, U.S. DISTRICT COURT
DISTRICT OF N.J., CAMDEN
401 COOPER ST.
CAMDEN, N.J. 08102

GRAYED

HECTOR L. HUERTAS
P.O. BOX 448
CAMDEN, N.J. 08101