[Doc. No. 28]

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| HECTOR HUERTAS, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Civil No. 08-3959 (RBK/JS) |
| : | |
| UNITED STATES DEPARTMENT OF : | |
| EDUCATION, et al., : | |
| : | |
| Defendants. : | |

**REPORT AND RECOMMENDATION REGARDING
PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES**

This matter is before the Court on the "Motion to Strike Affirmative Defenses" [Doc. No. 28] filed by Hector Huertas, Plaintiff pro se. Plaintiff seeks to strike the Fourth, Fifth and Twelfth Affirmative Defenses asserted by Defendant, the United States Department of Education ("DOE"), as well as paragraphs 25 and 38 of the DOE's Answer to Plaintiff's Complaint. Plaintiff argues the DOE's Fourth, Fifth and Twelfth affirmative defenses should be stricken pursuant to Fed. R. Civ. P. 8 and 12 because the DOE does not plead any supporting facts. The DOE opposes Plaintiff's motion. [Doc. No. 30]. This Report and Recommendation is issued pursuant to 28 U.S.C. §636(b)(1)(B). The Court exercises its discretion to decide Plaintiff's motion without oral argument. See Fed. R. Civ. P. 78; L. Civ. R. 78.1. For the reasons to be discussed, it is respectfully recommended that Plaintiff's Motion be GRANTED in part and DENIED in part. The Court makes the following findings in support of this Recommendation.

**Background**

On October 17, 2008 Plaintiff filed his Amended Complaint [Doc. No. 10] against the

DOE, its Director of Customer Care Group of Borrower Services, Diane Spadoni, its debt collector, Premier Credit of North America, LLC, and its "original" debt collector, Collecto, Inc, d/b/a/ Collection Company of America ("CCA").  Plaintiff alleges Defendants violated numerous federal statutes, including the Fair Debt Collection Practice Act, 15 U.S.C. § 1662 et seq., the Federal Privacy Act, 5 U.S.C. 552a et seq., and 31 U.S.C. § 3711 et seq., when it sought to collect payment on Plaintiff's student loans.  Defendant DOE filed its Answer to the Amended Complaint on January 28, 2009 [Doc. No. 27] and asserted nineteen separate defenses.

**Discussion**

Federal Rule of Civil Procedure 12(f) provides, in relevant part, that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f).[1]  An affirmative defense is insufficient if it is not recognized as a legal defense to the cause of action.  Tonka Corp. v. Rose Art Industries, Inc. 836 F. Supp. 200, 217 (D.N.J. 1993) (citing Total Containment, Inc. v. Environ Products, Inc., No. 91-7911, 1992 WL 208981 at *1 (E.D. Pa. Aug. 19, 1992)). Striking legally insufficient defenses saves time and expense by making it unnecessary to litigate defenses that will not affect the outcome of the case.  Glenside West Corp. v. Exxon Co.,761 F. Supp. 1100, 1115 (D.N.J.1991).  However, courts generally disfavor motions to strike because they require the court to evaluate legal issues before the factual background of a case has been developed through

---

[1] Pursuant to Fed. R. Civ. P. 12(f)(2) a motion to strike must be made within 20 days after the moving party is served the pleading.  According to the Certification of Defendant's Counsel [Doc. No. 27-2], Defendant served its Answer to the Amended Complaint on January 28, 2009. Plaintiff did not file his motion to strike until February 28, 2009, thus 11 days late.  Although Plaintiff's motion is untimely, in the interests of justice, the Court will consider Plaintiff's motion on its merits.  The DOE has not alleged that it is prejudiced by Plaintiff's late filing.

discovery. See United States v. Sensient Colors, Inc., 580 F. Supp. 2d 369, 374 (D.N.J. 2008). Thus, a motion to strike will not be granted where the sufficiency of a defense depends on disputed issues of fact. Glenside, 761 F. Supp. at 1115. A court should grant a motion to strike a defense only where the "insufficiency of the defense is clearly apparent." Sensient, 580 F. Supp.2d at 374 (D.N.J. 2008) (internal citations omitted).

"The purpose of requiring the defendant to plead available affirmative defenses in his answer is to avoid surprise and undue prejudice by providing the plaintiff with notice and the opportunity to demonstrate why the affirmative defense should not succeed." Robinson v. Johnson, 313 F.3d 128, 134-35 (3d Cir. 2002). "Defenses that are nothing more than bare bones conclusory allegations can be stricken." F.D.I.C. v. Modular Homes, Inc., 859 F. Supp. 117, 120-21 (D.N.J. 1994); see also United States v. Consolidation Coal Co., Civ. No. 89-2124, 1991 WL 333694, at *3-4 (W.D. Pa. Jul. 5, 1991)( "[a]n affirmative defense may be pleaded in general terms and will be held to be sufficient, and therefore invulnerable to a motion to strike, as long as it gives plaintiffs fair notice of the nature of the defense").[2]

The DOE's Fourth and Fifth affirmative defenses allege Diane Spadoni was improperly

---

[2] In Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127(2007) the Supreme Court held that a pleading party must state "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" and that the pleader must allege "factual allegations . . . enough to raise a right to relief above the speculative level." Some courts have extended the pleading standard set forth in Twombly to the pleading of affirmative defenses. See, e.g., Home Management Solutions, Inc. v. Prescient, Inc., Civ. No. 07-20608, 2007 WL 2412834, at *3 (S.D. Fla. Aug. 21, 2007) (holding that Twombly is applicable to pleading affirmative defenses thus factual support is needed to give fair notice of claims); United States v. Quadrini, Civ. No. 2:07-13227, 2007 WL 4303213 (E.D. Mich. Dec. 6, 2007) (finding that the plausibility standard of Twombly is applied to defendants asserting affirmative defenses). Neither the Third Circuit nor courts in the District of New Jersey have addressed this specific issue.

served with process in her individual capacity and that the court lacks personal jurisdiction over her in her individual capacity.  Improper service of process and lack of personal jurisdiction are sufficient legal defenses to Plaintiff's action.  See Fed. R. Civ. P. 12(b).   However, Plaintiff argues these defenses are defective pursuant to Fed. R. Civ. P 8(b) because Defendant "failed to identify any facts that would controvert the Process Receipt and Return Form USM-285 filed with the Court . . . which states . . . 'Diane Spadoni, Director, Customer Care Group, Borrower Services, in her official and individual capacity.'" (Pl. Br. at 6.)  In response, the DOE argues that the Process Receipt signed by an employee of Spadoni's office is insufficient to show proper service on Spadoni in her individual capacity. (Def. Opp. at 3.)   The DOE argues there is nothing to indicate that the employee who accepted service at Spadoni's office was a legally authorized agent. (Id.)   Federal Rule of Civil Procedure 4(e) requires service of process on an individual be made by (1) delivering it to the individual personally, (2) leaving it at the individual's home with another resident of suitable age, or (3) delivering a copy to an agent authorized by law to accept service.  See also Fed. R. Civ. P. 4(i)(3) ("[t]o serve a United States officer or employee sued in an individual capacity . . . a party must serve the United States and also serve the officer or employee under Rule 4(e)").   Whether the employee was a legally authorized agent is a question of fact that must be determined through discovery. Thus, it is premature to decide this issue on Plaintiff's motion to strike.  The Court further finds that the DOE's Fourth and Fifth affirmative defenses adequately put Plaintiff on notice of the nature of the DOE's defenses.  See Robinson, 313 F.3d at 134-35.  Therefore, while not ruling on the merits of the DOE's defenses, the Court finds that Defendant's Fourth and Fifth affirmative defenses are legally sufficient.  Accordingly, the Court recommends that Plaintiff's motion to strike Defendant's Fourth and Fifth Affirmative

4

Defenses be denied.

Plaintiff also moves to strike the DOE's Twelfth affirmative defense which states "[a]ll or some of the claims set forth in the amended complaint as against the federal defendants are barred by the applicable statute of limitations and/or principles of laches." Plaintiff argues that this defense should be stricken because the DOE does not identify which claims are barred by the statue of limitations and because the DOE does not plead the factual basis of its laches defense.

Pursuant to the applicable Federal Rules of Civil Procedure, defenses invoking the statue of limitations and laches, when applicable, must be raised in a responsive pleading in short and plain statements. Fed. R. Civ. P. 8(b),(c). In order to state a claim for laches a party must plead (1) inexcusable delay in instituting suit, and (2) prejudice resulting to the defendant from the delay. DirecTV, Inc. v. Weikel, Civ. No. 03-53, 2005 WL 1243378, at * 4 (D.N.J. May 25, 2005) (citing Tonka Corp. v. Rose Art Industries, Inc. 836 F. Supp. 200, 219 (D.N.J. 1993)) (striking affirmative defense of laches where defendant did not allege delay or prejudice). The DOE's Answer is devoid of any factual allegations that Plaintiff exercised delay in bringing the suit and that it was prejudiced by such delay. The Court finds that the DOE's Twelfth affirmative defense does not provide Plaintiff fair notice of the nature of the defense. See Robinson, 313 F.3d at 134-35. Thus, the Court recommends granting Plaintiff's motion to strike the laches defense, however, without prejudice to the DOE's right to amend its answer. The Court notes that its recommendation should be read consistently with the pleading rules of Fed. R. Civ. P. 8(b), requiring only a short and plain statement of the defense.

The Court also finds that the DOE's affirmative defense that "all or some" of Plaintiff's claims are barred by the statute of limitations does not provide sufficient notice to Plaintiff as to

5

the basis of the defense.  See Robinson, 313 F.3d at 134-35; see also Sensient, 580 F. Supp. 2d at 378 (striking affirmative defense that referred to unspecified statutes of repose because it failed to satisfy the notice pleading requirement of Rule 8 but granting defendant leave to amend defense to identify the statutes).  Thus, the Court recommends granting Plaintiff's motion to strike the statute of limitations defense, without prejudice to the DOE's right to amend its answer to identify which claims it asserts are barred by the statute of limitations.

     Plaintiff also seeks to strike paragraphs 25 and 38 of the DOE's Answer pursuant to Fed. R. Civ. P. 12(f) claiming they are "improper" denials.  In paragraph 24, the DOE admits that on January 24, 2007, CCA mailed a letter to Plaintiff.  In paragraph 25, the DOE denies having knowledge that on February 25, 2007 and May 28, 2007 CCA sent Plaintiff certain confidential documents.  Plaintiff alleges that because the DOE was able to answer paragraph 24, it should also have access to information to properly answer paragraph 25.  However, just because the DOE has direct knowledge of the allegations in paragraph 24, does not mean that it also has direct knowledge of the allegations in paragraph 25.  The Court finds that the DOE's answer to paragraph 25 is not redundant, immaterial, impertinent or scandalous under Fed. R. Civ. P. 12(f). Thus, the Court recommends that Plaintiff's motion to strike paragraph 25 of the Defendant's Answer be denied.

     In paragraph 38 of his Complaint Plaintiff alleges that on March 7, 2008 he requested review and an administrative hearing by Defendant on his alleged debt. In its Answer at paragraph 38 the DOE admits that Plaintiff sent a letter objecting to the collection of his defaulted loans but expressly denies that Plaintiff's letter requested review or a hearing.  The DOE refers the court to the March 7, 2007 letter for a complete and accurate statement of its

contents.  The Court finds that while Plaintiff may disagree with the DOE's answer in paragraph 38, the answer itself is not redundant, immaterial, impertinent or scandalous under Fed. R. Civ. P. 12(f).  Thus, the Court recommends that Plaintiff's motion to strike paragraph 38 of the DOE's Answer be denied.

### Conclusion

For all the foregoing reasons, and for good cause shown, it is, on this 13th day of July 2009,  respectfully recommended that Plaintiff's Motion to Strike Affirmative Defenses be GRANTED in part and  DENIED in part.  This Court respectfully recommends that Plaintiff's request to strike Defendant's Fourth and Fifth Affirmative Defenses be DENIED.   This Court further respectfully recommends that Plaintiff's request to strike  paragraphs 25 and 38 of the DOE's Answer also be DENIED.  This Court further respectfully recommends that Plaintiff's request to strike the DOE's Twelfth Affirmative Defense be GRANTED but without prejudice to the DOE's right to Amend its Answer.  The Amended Answer should be filed within ten (10) days of the entry of the final Order deciding Plaintiff's Motion to Strike.

Pursuant to Fed. R. Civ. P. 72 and L. Civ. R. 72.1(c)(2), the parties shall have ten (10) days from the date of service of this Order in which to file any objections with the court.

/s/ Joel Schneider
JOEL SCHNEIDER
United States Magistrate Judge