NOT FOR PUBLICATION                                        (Docket Entry Nos. 32 & 36)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
                                    :
HECTOR L. HUERTAS,                  :
                                    :
             Plaintiff,             :   Civil No. 08-3959 (RBK/KMW)
                                    :
        v.                          :   **OPINION**
                                    :
U.S. DEPARTMENT OF EDUCATION,       :
et al.,                             :
                                    :
             Defendants.            :
_____ :

**KUGLER**, United States District Judge:

      This action arises out of alleged abuses suffered by Plaintiff Hector L. Huertas because of an outstanding student loan debt.  Pending before the Court is Defendant Collectco, Inc.'s Motion for Judgment on the Pleadings, or in the alternative, Motion to Strike (Docket No. 32).  Also pending is Plaintiff Hector L. Huertas's Motion for an Extension to file a response to Defendant's motion (Docket No. 36).  Because Plaintiff's failure to timely reply was the result of excusable neglect, the Motion for an Extension is granted.  Further, Defendant's Motion for Judgment on the Pleadings is granted as to all Counts, with the motion granted without prejudice as to Counts Eleven, Fourteen, and Fifteen, and Plaintiff granted leave to amend those counts within ten days.  The Court denies Collectco's Motion to Strike without prejudice.

**I.      BACKGROUND**

Because this matter comes before the Court on a motion for judgment on the pleadings, the Court accepts as true the following factual allegations from the Amended Complaint.

Plaintiff Hector L. Huertas attended Rutgers University in Camden, New Jersey between 1991 and 1997. Plaintiff seemingly financed his education with loans from the Department of Education (DOE), a defendant in the underlying action but not a party to this motion. Plaintiff also apparently defaulted on those loans sometime after 1997. At some point, the United States obtained a lien against Plaintiff's house; however, another creditor also obtained a lien against the home and foreclosed on that lien in 2000. The United States's lien was not discharged. Plaintiff maintained and continues to maintain that the United States should have discharged his DOE debt by foreclosing on his home.

Around January 29, 2007, Plaintiff received a debt collection letter from Defendant Collectco, Inc., d/b/a Collection Company of America. The letter purported to seek collection on the student loan debt owed to the DOE. The letter requested $27,740.30, which included interest and penalty charges. On February 25, 2007, Plaintiff requested documents regarding the debt from Collectco, and it responded on May 28, 2007 by supplying Plaintiff's tax return for year 2000, "private confidential information, and some documentation from Rutgers University in Camden, concerning the disputed DOE debt." Amd. Compl. at ¶ 25. Thereafter, Collectco ceased all communications with Plaintiff.

Sometime after May 2007, the DOE transferred the outstanding debt to Premier Credit of North America, LLC (PCNA), also a defendant in the underlying action but not a party to this motion. PCNA, like Collectco, contacted the Plaintiff seeking payment of the DOE debt.

Plaintiff disputed the debt with PCNA, who thereafter supplied Plaintiff with the promissory notes to the disputed debt. PCNA continued to pursue collection.

Meanwhile, Plaintiff began to see reduced amounts in expected monies from the United States. For example, in February 2008, Plaintiff received only $750 of an expected $855.70 from the Social Security Administration. The DOE seemingly had offset Plaintiff's funds because of the past due debt. Additionally, in May 2008, Plaintiff received an economic stimulus tax refund that was likewise offset for the past due DOE debt. To date, Plaintiff continues to receive Social Security benefit payments that are offset because of the debt.

Plaintiff, proceeding pro se, filed the first Complaint in this matter on August 7, 2008 against Defendants DOE, PCNA, and Diane Spadoni, Director of the Customer Care Group at the DOE. Plaintiff filed an Amended Complaint naming Collectco as a Defendant on October 17, 2008. The Amended Complaint seeks relief in Fifteen Counts under various federal and state laws.

## II.  STANDARD

Under Federal Rule of Civil Procedure 12(c) a party may move for judgment on the pleadings. The movant under Rule 12(c) must show clearly show that no material issue of fact exists and that it is entitled to judgment as a matter of law. Rosenau v. Uniford Corp., 539 F.3d 218, 221 (3d Cir. 2008) (citing Jablonski v. Pan Am. World Airways, Inc., 863 F.2d 289, 290-91 (3d Cir. 1988)). In reviewing a Rule 12(c) motion, the court must view the facts in the pleadings and the inferences therefrom in a light most favorable to the nonmovant. Id. "A motion for judgment on the pleadings, like a motion to dismiss, will be granted if the plaintiff has not articulated enough facts to 'raise a right to relief above the speculative level.'" Bangura v. City

of Philadelphia, No. 08-2742, 2009 WL 2252877, at *3 (3d Cir. July 29, 2009) (quoting Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007)).

**III.    DISCUSSION**

The Court notes initially that the Amended Complaint does not raise claims against Collectco in Counts One, Two, Three, or Five.  Thus, those Counts are not addressed here.

    **A.    Motion for an Extension**

Defendant Collectco's Motion for Judgment on the Pleadings was entered on March 24, 2009.  Docket No. 32.  Responses to the motion were due by April 13, 2009.  Docket No. 32.  On April 20, 2009, Plaintiff filed a Motion for an Extension of Time to Respond, requesting a 14 day extension.  Docket No. 36.  Plaintiff argued that an extension was warranted because he was seriously ill and he had obligations to meet in other pending litigation.  Pl. extension br. at 1-2. Collectco responded by arguing that Plaintiff's failure to timely respond was not "excusable neglect," and therefore the Court should ignore his submission.  Def. extension br. at 2-3.[1]  The Court disagrees with Collectco's conclusion.

Under Federal Rule of Civil Procedure 6(b)(1)(B), "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect."  The question of "excusable" neglect is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission."  Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993).  Determining excusable neglect requires the trial court to "weigh the

---

[1] Without the Motion having been decided by the Court, Plaintiff ultimately filed his brief in opposition on May 4, 2009.  Docket No. 41.

4

'totality of the circumstances.'" Nara v. Frank, 488 F.3d 187, 193-94 (3d Cir. 2007) (quoting Welch & Forbes, Inc. v. Cendant Corp., 234 F.3d 166, 171 (3d Cir. 2000)). In determining "excusable neglect," a court should examine four factors: "[1] the danger of prejudice to the [other party], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." Pioneer, 507 U.S. at 395; Nara, 488 F.3d at 194.

In Plaintiff's case, the balance of equities weighs in favor of finding excusable neglect. First, the danger of prejudice is slight. At most, granting Plaintiff's motion permits the Court to read and consider whatever legitimate arguments he has against judgment on the pleadings. Collectco can hardly claim prejudice by having its arguments rebutted, which is in the usual course of federal civil practice. Second, Plaintiff's delay was not so long as to delay the judicial proceedings, and in fact has had no impact on the Court's review of the underlying motion. Third, Plaintiff's delay was not in defiance of a Court Order to timely file, cf. Docket Nos. 49, 54, and seemingly was the result–at least in part–of an uncontrollable illness. Finally fourth, no allegations of bad faith appear in the moving papers and the Court can find none. Therefore, Plaintiff's neglect was excusable in this instance and the Motion for an Extension is granted.

    **B.**    **Counts Four, Six, and Seven**

Turning to the substance of the underlying motion, in Counts Four, Six, and Seven of the Amended Complaint, Plaintiff alleges violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.* Collectco argues that these claims are barred by the applicable statute of limitations under the FDCPA. Def. br. at 4-6. Plaintiff responds that Collectco is improperly relying on "technical provisions" of the FDCPA to escape liability from

5

his substantive claims. Pl. br. at 5.² The Court agrees with Collectco and finds that Plaintiff's claims in Counts Four, Six, and Seven are time-barred.

The FDCPA provides that a civil liability claim must be brought "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d).³ The Third Circuit has held that violations of the FDCPA are not subject to the continuing violations doctrine, meaning a series of violations cannot constitute a single actionable violation. See Schaffhauser v. Citibank (South Dakota) N.A., No. 08-2275, 2009 WL 2400254, at *2 (3d Cir. Aug. 6, 2009). Thus a violation of a provision of the FDCPA requires a discrete act; that is, an identifiable incident wherein the plaintiff's rights under the Act were violated. See id. (holding FDCPA claim barred where filed four years after debt collector filed suit to collect the debt); see also McCready v. Harrison, 67 Fed. Appx. 971, 974 (7th Cir. 2003) (holding claim barred where filed over a year after receipt of letter containing false representation); Maloy v. Phillips, 64 F.3d 607, 608 (11th Cir. 1995) (holding claim barred where filed over one year after debt collector sent letter); Mattson v. U.S.

---

² Plaintiff mistakenly interprets Collectco's motion as one for summary judgment and bases the bulk of his arguments on Rule 56 standards. See, e.g., Pl. br. at 8. Plaintiff also seemingly invokes the Racketeer Influenced and Corrupt Organizations Act (RICO) to show, in part, that Collectco is not entitled to summary judgment. Pl. br. at 4. However, as Plaintiff himself points out in a footnote, no RICO claim has yet been pled against any Defendant and is therefore irrelevant to the pending motion. See Pl. br. at 4 n.3.

³ Subsection (d) is entitled "jurisdiction." § 1692k(d). The Third Circuit has not directly ruled on whether a time-barred claim should therefore be dismissed for lack of jurisdiction or for failure to state a claim. Other courts to address the matter are split. See Smith v. Rubin & Raine of New Jersey, LLC, Civ. No. 08-5724, 2009 WL 2143644, at *4 (July 14, 2009) (citing Mattson v. U.S. West Commc'ns, Inc., 967 F.2d 259, 262 (8th Cir. 1992); Marshall-Mosby v. Corporate Receivables, Inc., 205 F.3d 323 (7th Cir. 2000)). However, a recent Third Circuit opinion on the FDCPA's limitations period affirmed judgment under Rule 56 without noting any jurisdictional issues, see Schaffhauser v. Citibank (South Dakota) N.A., No. 08-2275, 2009 WL 2400254, at *2 (3d Cir. Aug. 6, 2009), thus seemingly suggesting that the timeliness of a claim is not a jurisdictional bar.

West. Commc'ns, Inc., 967 F.2d 259, 261 (8th Cir. 1992) (holding claim barred where filed one year and one day after debt collector sent letter); Dixon v. Law Offices of Peter E. Meltzer & Assocs., P.C., Civ. No. 06-148, 2007 WL 275877, at *3 (E.D. Pa. Jan. 26, 2007) (holding claim barred where filed more than two years after letter from defendants); Fountain v. Giove Law Office, Civ. No. 06-2993, 2006 WL 3833471, at * 3 (D.N.J. Dec. 29, 2006) (holding claim barred where filed over a year after plaintiff claimed defendant's phone calls stopped).

Plaintiff first raised allegations against Collectco in the Amended Complaint on October 17, 2008.  Docket No. 10.  Plaintiffs claims in Counts Four, Six, and Seven arise under 15 U.S.C. §§ 1692d;[4] 1692e(2)(A), (10);[5] and 1692f[6] respectively.  Each of these claims are premised on the same factual predicate: 1) on January 29, 2007, Collectco sent Plaintiff a debt collection letter; 2) on February 25, 2007, Plaintiff requested documents from Collectco concerning the debt; 3) on May 28, 2007, Plaintiff received the documents; and 4) thereafter "*[Collectco] ceased all communications with the plaintiff.*"  Amd. Compl. at ¶¶ 24-26 (emphasis added).[7]

---

[4] "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."  15 U.S.C. § 1692d.

[5] "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section:
(2) The false representation of–(A) the character, amount, or legal status of any debt . . . .
(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. § 1692e(2)(A), (10).

[6] "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."  15 U.S.C. § 1692f.

[7] From these facts Plaintiff alleges that Collectco "violated § 1692d by threatening to add an illegal penalty, and debt collection fee of 25% of the principal and interest unpaid to the alleged debt."  Amd. Comp. at ¶ 89 (Count Four).  Plaintiff further alleges that Collectco

Accepting Plaintiff's factual allegations as true, what is clear from the above emphasized language is that Collectco's contact with Plaintiff ceased on or around May 28, 2007 when it sent him the documents he requested. Stated differently, the last discrete act of contact with the Plaintiff occurred over one year and three months before Plaintiff filed suit under the FDCPA.[8] Under § 1692d–no matter how "technical" it may be–Plaintiff's claims in Counts Four, Six, and Seven are time-barred. Thus, whatever the merits of Plaintiff's substantive claims, this Court by act of Congress is stripped of the ability to hear them.[9] Therefore, Collectco's motion is granted as to Counts Four, Six, and Seven.

C.     **Counts Eight and Ten**

In Counts Eight and Ten, Plaintiff appears to allege violations of the Privacy Act of 1974, 5 U.S.C. § 552a, against all Defendants, including Collectco. Plaintiff alleges that the "Defendants" violated § 552a(b) and § 552a(e)(9). Amd. Compl. at ¶¶ 104-08 (Count 8), ¶¶ 112-14 (Count Ten). Collectco argues that these claims should fail because the Privacy Act only applies to government agencies and therefore does not provide a cause of action against a non-

---

"violated §§ 1692e(2)(A) and 1692e(10) by falsely representing the character, amount, and legal status of the alleged debt owed to defendant DOE and by wrongfully adding 25% of the alleged principal and interest allegedly unpaid to the debt." Amd. Compl. at ¶ 98 (Count Six). Finally, Plaintiff alleges that "[a]s a proximate result of the above violations of the FDCPA . . . [Collectco] . . . [is] liable to Plaintiff HECTOR L HUERTAS [sic] for declaratory judgment . . . ." Amd. Compl. at ¶ 102 (Count Seven).

[8] Collectco asserts that it also made several attempts to contact Plaintiff by phone after May 22, 2007, but the DOE recalled the debt before Collectco could collect. Def. br. at 2. However, Plaintiff denies that Collectco ever made these phone calls. Pl. br. at 8, ¶2. Thus, the Court limits its inquiry to Plaintiff's factual allegations surrounding Collectco's two letters.

[9] Plaintiff begins his brief in opposition with the following: "Plaintiff Hector L Huertas is not a CONGRESSMAN and thus does not make the federal laws. Plaintiff is merely abiding by the provisions of such federal laws to attempt to mitigate his federal rights . . . ." Pl. br. at 1.

agency. Def. br. at 6-7. Plaintiff did not respond to Collectco's argument. Based on the language of the Act, the Court agrees with Collectco's conclusion.

In the section entitled "Civil remedies," the Privacy Act states "[w]henever any agency . . . . fails to comply with any . . . provision of this section . . . in such a way as to have an adverse effect on an individual, the individual may bring a civil action against the agency . . . ." 5 U.S.C. § 552a(g)(1)(D). "Agency" is defined as "any executive department, military department, Government corporation, Government controlled corporation, or other establishment in the executive branch of the Government (including the Executive Office of the President), or any other independent regulatory agency . . . ." 5 U.S.C. § 552(f)(1). What is clear from the plain language of the Privacy Act is that it only applies to agencies, meaning the Act does not provide a civil remedy for violations by private individuals or entities. See Fetzer v. Cambria County Human Srvcs., 384 F. Supp. 2d 813, 816 (M.D. Pa. 2005) (citing cases).

Here, Collectco is not an agency under § 552(f)(1). As Plaintiff alleges, Collectco "is a federal student debt collection corporation headquartered at 700 Longwater Drive, Norwell, MA 02061 United States." Amd. Compl. at ¶ 6a. While Plaintiff also alleges that Collectco was an "agent" of the DOE, Amd. Compl. at ¶ 6b, that agency relationship does not bring Collectco within the express definition of an agency in the Privacy Act: The definition of agency does not include entities in a principal-agent relationship with the government. Therefore, Collectco's motion is granted as to Counts Eight and Ten.

### D. Count Nine

In Count Nine of the Amended Complaint, Plaintiff alleges a violation 26 U.S.C. § 7431(a) for inspection and disclosure of his 2000 tax return. Collectco argues that Plaintiff's

9

claim is impermissible because § 7431(a) only applies where a tax return was disclosed by the IRS, because the initial disclosure was by the Plaintiff himself, and because Collectco only disclosed the tax return in response to Plaintiff's request for it. Def. br. at 7-8. Plaintiff did not respond to Collectco's arguments. The Court finds Collectco's arguments convincing.

Under § 7431(a), an individual may seek civil damages for a knowing or negligent disclosure of a "return" or "return information" in violation of 26 U.S.C. § 6103. Section 6103 provides that "no officer or employee of the United States" or "other person . . . who has or had access to returns or return information under [6103] . . . shall disclose any return or return information . . . ." § 6103(a)(1), (3). A claim under § 7431 requires the plaintiff to prove two elements: "'[1] a violation of Section 6103, and [2] that such a violation resulted from knowing or negligent conduct.'" Venen v. United States, 38 F.3d 100, 104 (3d Cir. 1994) (quoting Elias v. United States, No. CV 90-0432, 1990 WL 264722, at *3 (C.D. Cal. Dec. 21, 1990), aff'd, 974 F.2d 1341 (9th Cir. 1992)).

Notably, a violation of § 6103 or § 7431 requires that a "return" be disclosed or inspected. A "return" is specifically defined as "any tax or information return, declaration of estimated tax, or claim for refund . . . which is filed with the Secretary . . . ." § 6103(b)(1). This provisions means that the mere disclosure of a physical copy of a tax return is not a violation of § 6103 or § 7431, rather the disclosure must emanate from a return that was filed with the IRS. See Stokwitz v. United States, 831 F.2d 893, 895 (9th Cir. 1987 ("Section 6103 established a comprehensive scheme for controlling the release *by the IRS* of information received from taxpayers to discrete identified parties, subject to specified conditions." (emphasis in original)). Neither section provides blanket protection for information contained in a tax return; thus where

10

a return is disclosed or inspected other than through the IRS, no violation of § 6103 or § 7431 occurs. See id. at 896 ("Contrary to appellant's contention, there is no indication in either the language of section 6103 or its legislative history that Congress intended to enact a general prohibition against public disclosure of tax information."); Hrubec v. Nat'l R.R. Passenger Corp., 49 F.3d 1269, 1270 (7th Cir. 1995) ("Congress set out to limit disclosure by persons who get tax returns in the course of public business . . . . The statute does not forbid disclosure when information comes from other sources.").

Here Plaintiff has made no allegations that Collectco, or the DOE for that matter, obtained his tax return from the IRS. Indeed, the allegations against Collectco state that it obtained Plaintiff's tax return from the DOE directly. Amd. Compl. at ¶ 25 ("On or about February 25 and May 28, 2007, [Collectco] provided the plaintiff with copies of documents from defendant DOE's alleged student loan file that included plaintiff's tax return for year 2000"). Collectco cannot be said to have improperly disclosed or inspected a protected return where the return at issue does not fall within the coverage of § 6103 or § 7431. Therefore, Collectco's motion is granted as to Count Nine.

    **E.**    **Count Eleven**

The basis for Plaintiff's claim for relief in Count Eleven is unclear. First, unlike the previous ten claims, Count Eleven is not captioned with the basis for relief. Second, the only substantive allegations state "Defendants published to various credit unions false, duplicate, and repetitive credit information concerning plaintiff. As a proximate result of defendants' intentional conduct, plaintiff's credit ratings have been damaged." Amd. Compl. at ¶¶ 115-16. Collectco interprets these claims as stating a claim for defamation. Def. br. at 9. Plaintiff did not

11

further illuminate the matter in his opposition brief. The Court therefore examines the claim as one for defamation and finds that Plaintiff has failed to properly plead a cause of action. However, the Court grants Collectco's motion as to Count Eleven without prejudice and grants Plaintiff leave to amend.

Collectco argues that if Count Eleven is a claim for defamation, Plaintiff has failed to plead the requisite elements of a New Jersey state law defamation claim. Def. br. at 9-10. Specifically, Collectco urges that Plaintiff failed to identify 1) the defamatory conduct or words, 2) whether Collectco negligently published the statements, and 3) how specifically Plaintiff was injured by the publication. Def. br. at 9-10. Plaintiff did not respond to Collectco's assertions.

Under New Jersey law, defamation is defined as "'(1) a defamatory statement of fact; (2) concerning the plaintiff; (3) which was false; (4) which was communicated to a person or persons other than the plaintiff; (5) with actual knowledge that the statement was false or with reckless disregard of the statement's truth or falsity or with negligence in failing to ascertain the truth or falsity; and (6) which caused damage.'" Santosuosso v. NovaCare Rehab., 462 F. Supp. 2d 590, 600 (D.N.J. 2006) (quoting Monroe v. Host Marriot Servs. Corp., 999 F. Supp. 599, 203 (D.N.J. 1998) (citing Feggans v. Billington, 677 A.2d 771, 775 (N.J. Super. Ct. App. Div. 1996))). Plaintiff has failed to plead any of these elements other than a mere conclusory allegation that the Defendants published "false . . . credit information concerning plaintiff." Amd. Compl. at ¶ 115. This type of pleading is insufficient to raise Plaintiff's claim above the speculative level. Bangura, 2009 WL 2252877, at *3. Even construing pro se Plaintiff's claim liberally as is required, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972), he has failed to state a defamation claim and Collectco's motion should be granted.

Notwithstanding, "a court should not dismiss a complaint with prejudice for failure to state a claim without granting leave to amend, unless it finds bad faith, undue delay, prejudice or futility." Carter v. Fairbanks, Civ. No. 09-4032, 2009 WL 2843882, at *2 (D.N.J. Sept. 1, 2009) (citing Grayson v. Mayview State Hosp., 293 F.3d 103, 110-11 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 117 (3d Cir. 2000)). While Collectco's motion is a motion for judgment on the pleadings and not a motion to dismiss, a Rule 12(c) motion is treated under the same standards as a Rule 12(b)(6) motion where it alleges a plaintiff has failed to state a claim. See Turbe v. Gov't of Virgin Islands, 938 F.2d 427, 428 (3d Cir. 1991). Here, Collectco's defense to Plaintiff's Count Eleven is essentially that he has failed to state a claim. Thus, the motion should be treated like a motion to dismiss. Collectco has not directed the Court's attention to any bad faith, undue delay, prejudice or futility that will result by granting leave to amend, and neither can the Court find any.[10] Therefore, under these circumstances, Collectco's motion is granted as to Count Eleven without prejudice. The Court also grants Plaintiff leave to amend Count Eleven within ten days to state sufficient facts to support a defamation claim.

### F. Count Thirteen

In Count Thirteen, Plaintiff seeks declaratory relief. Specifically, Plaintiff seeks "a judicial determination of the validity, character, amount, and legal status of the student loans," "a declaration that defendants used unfair and unconscionable collection practices to discriminate against the Hispanic plaintiff," and "a declaration that defendants did not have a legally enforceable debt against plaintiff." Amd. Compl. at ¶¶ 122-24. Collectco asserts that Plaintiff's

---

[10] Collectco did argue that it did not publish any reports regarding Plaintiff's credit history, suggesting that an amendment would be futile. However, for the Court to make that determination would require weighing facts, which is impermissible at this stage.

requested relief is improper because his claims are really just recast FDCPA claims and declaratory relief is unavailable under the FDCPA.  Def. br. at 11-12.  Plaintiff did not respond to Collectco's argument.  The Court agrees with Collectco and finds that the relief sought in Count Thirteen is impermissible.

The purpose behind the FDCPA is "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses."  15 U.S.C. § 1692(e) (Congressional findings and declaration of purpose).  The enforcement provisions of the FDCPA promote this purpose by, among other things, protecting against harassment or abuse, against false representations of the legal status of a debt, and against use of unfair debt collection practices.  See 15 U.S.C. §§ 1692d, 1692e(2)(A), 1692f.  With the purpose behind the Act and the enforcement provisions in mind, the Court is persuaded that Plaintiff's claim for relief in Count Thirteen falls squarely within the FDCPA's reach.  Specifically, Plaintiff seeks refuge from abuse, cf. § 1692(e), 1692d; and he seeks to avoid an allegedly improper debt.  Cf. § 1692e(2)(A).  These allegations are covered by the FDCPA.

Because Plaintiff's allegations fall within the FDCPA, he can only seek relief provided therein.  In that vein, the Third Circuit has definitively held that injunctive and declaratory relief is not available to private litigants under the FDCPA.  Weiss v. Regal Collections, 385 F.3d 337, 342 (3d Cir. 2004).  Because Plaintiff is expressly seeking declaratory relief and because the Court finds that his claim falls within the FDCPA, Plaintiff's claim for relief in Count Thirteen is impermissible.  Therefore, Collectco's motion is granted as to Count Thirteen.

### G.     Count Fourteen

In Count Fourteen, Plaintiff brings a claim alleging that he was discriminated against because he is Hispanic. Amd. Comp. at ¶ 127. Plaintiff does not allege under what state or federal authority he brings this allegation. Collectco responds by stating that the Amended Complaint offers "no cogent basis" for the claim. Def. br. at 12. Plaintiff did not respond to Collectco's argument. The Court finds that Plaintiff has failed to state a discrimination claim, but the Court grants leave to amend.

In the context of a motion to dismiss, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Here, Plaintiff has not even attempted a recital of the elements of a discrimination claim. Furthermore, at no point does he offer anything other than conclusory–and inflammatory–allegations to support his claim. See Amd. Compl. at ¶¶ 123,[11] 127,[12] 133.[13] Thus, Collectco's motion is appropriately granted as to Count Fourteen.

However, as discussed above, "a court should not dismiss a complaint with prejudice for

---

[11] "This includes a declaration that defendants used unfair and unconscionable collection practices to discriminate against the Hispanic plaintiff and that the student loans are not the legal obligation of plaintiff." Amd. Compl. at ¶ 123.

[12] "As a proximate result of defendants' intentional conduct, plaintiff HECTOR L HUERTAS' [sic] has been discriminated against because he is Hispanic." Amd. Compl. at ¶ 127.

[13] "As a proximate result of defendants' intentional conduct, plaintiff HECTOR L HUERTAS' privacy and confidential information was violated and he has been discriminated against because he is Hispanic." Amd. Compl. at ¶ 133.

failure to state a claim without granting leave to amend, unless it finds bad faith, undue delay, prejudice or futility." Carter, 2009 WL 2843882, at *2. Collectco has not directed the Court's attention to any bad faith, undue delay, prejudice or futility that will result by granting leave to amend, and neither can the Court find any.[14] Therefore, under these circumstances, Collectco's motion is granted as to Count Fourteen without prejudice. The Court also grants Plaintiff leave to amend Count Fourteen within ten days to state sufficient facts to support a discrimination claim and to state the appropriate state or federal ground for relief.

### H. Count Fifteen

In Count Fifteen, Plaintiff asserts a violation of 15 U.S.C. § 1681n, a provision of the Fair Credit Reporting Act (FCRA). Plaintiff alleges that Collectco obtained his credit report from Experian for an improper purpose and that Collectco never intended to collect the purported debt. Amd. Compl. at ¶¶ 131-32. Plaintiff claims that Collectco's real purpose for obtaining the report was to collect his personal information and he claims that Collectco never tried to collect the debt. Pl. br. at 9-10. Collectco argues that it did not violate the FCRA because it only obtained the report to collect on a debt, a valid purpose under the Act. Def. br. at 13. Collectco further argues that the level of effort it expended in collecting the debt is irrelevant. Def. reply br. at 4. The Court finds that Plaintiff has failed to state a claim under the FCRA, but grants leave to amend.

Section 1681n creates civil liability for any person who "willfully fails to comply" with the requirements imposed by the FCRA. 15 U.S.C. § 1681n(a). One requirement under the

---

[14] Collectco does state that it might seek damages for defending against "frivolous claims of discrimination." Def. br. at 12 n.5.

FCRA is that a person is permitted to use or obtain a credit report only if the purpose for obtaining the report is permitted under the Act. 15 U.S.C. § 1681b. Relevant here, one such purpose is to obtain a credit report "in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the . . . review or collection of an account of [] the consumer." § 1681b(a)(3)(A). To survive a Rule 12(c) motion under § 1681n for a debt collector's alleged improper request, a plaintiff must allege, "with sufficient factual support," that the defendant willfully obtained the plaintiff's credit report without having a purpose to review or collect on a debt. See Cappetta v. GC Servs. Ltd. P'ship, --- F. Supp. 2d ----, 2009 WL 2916906, at *6 (E.D. Va. 2009); see also James v. Interstate Credit & Collection, Inc., Civ. No. 03-1037, 2005 WL 1806501, at *3 (E.D. Pa. July 29, 2005) ("In evaluating whether the FCRA is violated, 'so long as a user has reason to believe that a permissible purpose exists, that user may obtain a consumer report without violating the FCRA.'" (quoting Korotki v. Attorney Servs. Corp., 931 F. Supp. 1269, 1276 (D. Md. 1996), aff'd, 131 F.3d 135 (4th Cir. 1997))). In other words, "the [c]omplaint must allege facts sufficient to demonstrate that [the defendant] should have known either that it did not intend to use the credit report 'in connection with a credit transaction involving' [the plaintiff] or 'involving . . . the collection of an account of' [the plaintiff]." Cappetta, 2009 WL 2916906, at *7.

Plaintiff has failed to meet the pleading standard required by the FCRA. As is typical of the Complaint, Count Fifteen alleges conclusory accusations against Collectco. For example, he alleges "Defendant [Collectco] never intended to adequately 'try' to collect the DOE alleged debt and instead such alleged debt was transferred to Defendant PCNA for collection." Amd. Compl. at 132. However, no factual allegation exists demonstrating Collectco's lack of effort, and more

17

importantly, demonstrating that Collectco only wanted to exploit Plaintiff's personal information. While Plaintiff may legitimately believe that the DOE debt is invalid and that Collectco only wanted Plaintiff's personal information, he must support that belief with some factual allegations. See Iqbal, 129 S. Ct. at 1949. He has failed to do so.

However, as with Counts Eleven and Fourteen, leave to amend is appropriate at this stage. Therefore, Collectco's motion is granted as to Count Fifteen without prejudice. The Court also grants Plaintiff leave to amend Count Fifteen within ten days to plead sufficient facts to support a FCRA violation.

### I.     Count Twelve

In Count Twelve, Plaintiff seeks injunctive relief from the Defendants' continuing efforts to collect Plaintiff's underlying debt. Amd. Compl. at ¶ 119. Collectco argues that injunctive relief is inappropriate because Plaintiff admits that Collectco ceased communication with him in 2007, rendering injunctive relief moot, and because Plaintiff has an adequate remedy at law–namely the fourteen other Counts in the Amended Complaint. Pl. br. at 11. Plaintiff did not respond to Collectco's argument. The Court finds that injunctive relief is not appropriate because Plaintiff has failed to show irreparable injury.

Injunctive relief is "an extraordinary remedy, which should be granted only in limited circumstances." Frank's GMC Truck Ctr., Inc. v. Gen. Motors Corp., 847 F.2d 100, 102 (3d Cir. 1988) (internal citation removed). A court must consider four factors in determining whether to grant injunctive relief: whether "(1) the movant has shown a reasonable probability of success on the merits, (2) the movant will be irreparably injured by denial of the relief, (3) granting the preliminary relief will result in even greater harm to the non-moving party, and (4) granting the

preliminary relief is in the public interest." Wilson v. Jacobs, Civ. No. 08-4795, 2009 WL 1968788, at *3 (D.N.J. July 1, 2009) (citing ACLU of N.J. v. Black Horse Pike Reg'l Bd. of Educ., 84 F.3d 1471, 1477 n.2 (3d Cir. 1996)). The element of irreparable injury is not satisfied where the plaintiff has an adequate financial remedy. Frank's GMC, 847 F.2d at 102.

Plaintiff has not satisfied the grounds for injunctive relief because he has not shown irreparable injury. Plaintiff seemingly seeks an injunction because the Defendants, Collectco included, continue to pursue an invalid debt. However, by Plaintiff's own admission, Collectco ceased its collection efforts in 2007. See Amd. Compl. at ¶ 26. Thus, an injunction would be pointless. Moreover, Plaintiff's only potentially remaining claims (provided Plaintiff adequately and timely amends) are for defamation, discrimination, or a FCRA violation. Each of these are adequately remedied by a financial award, and thus do not demonstrate irreparable harm. Therefore, Collectco's motion is granted as to Count Twelve.

### J. Motion to Strike

Collectco also filed, in the alternative, a Motion to Strike the Prayer for Relief. Because the Court grants Collectco's motion as to all Counts, the Motion to Strike is denied as moot. However, because the Court grants Plaintiff leave to amend Counts Eleven, Fourteen, and Fifteen, the Court denies the Motion to Strike without prejudice.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff Hector L. Huertas's Motion for an Extension is **GRANTED**. Defendant Collectco's Motion for Judgment on the Pleadings is **GRANTED** as to all Counts, but **GRANTED WITHOUT PREJUDICE** as to Counts Eleven, Fourteen, and Fifteen. Plaintiff is **GRANTED** leave to amend those Counts within **TEN DAYS**. Collectco's

Motion to Strike is **DENIED WITHOUT PREJUDICE**.


Dated:  9-28-2009                                          /s/ Robert B. Kugler
                                                      ROBERT B. KUGLER
                                                      United States District Judge