P&P File Number U6932A

Steven P. McCabe, Esq.
Pressler and Pressler, LLP
Attorney for Premiere Credit
7 Entin Road
Parsippany, New Jersey 07054-5020
Off:  (973) 753-5100
Fax:  (973) 753-5353

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| HECTOR L. HUERTAS, | ) | HON. ROBERT B.  KUGLER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Civil Action No. 1:08-cv-3959 RBK-KMW |
| PREMIERE CREDIT OF NORTH AMERICA, LLC, et al. | ) | |
| | ) | |
| | ) | Return Date:  June 25, 2010 |
| Defendants. | ) | |
| | ) | **DOCUMENT** |
| | ) | **ELECTRONICALLY** |
| | ) | **FILED** |
| | ) | |
| | ) | |

**MEMORANDUM OF PREMIERE CREDIT OF NORTH AMERICA, LLC
IN OPPOSITION TO MOTION OF PLAINTIFF FOR SUMMARY JUDGMENT AND
IN SUPPORT OF MOTION TO DISMISS
UNDER F.R. Civ.P.37 (b)(2)(A)(v)**

**TABLE OF CONTENTS**

STATEMENT OF THE CASE: THE COURT'S ORDERS
AND PLAINTIFF'S FAILURE TO OBEY…………………………………………………1

ARGUMENT

Point One

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT IS WITHOUT ANY BASIS

IN FACT, MAKES ASSUMPTIONS REGARDING FACTS NOWHERE IN THE

RECORD AND CONTRADICTED BY DISCOVERY AND HIS PLEADINGS AND

SHOULD BE DENIED OUT OF DUE TO PLAINTIFF'S OBDURATE REFUSAL TO

BE DEPOSED AND STATE HIS CASE UNDER OATH AND EXAMINATION BY

COUNSEL.

Point Two

PLAINTIFF HAS FAILED TO OBEY THE COURT'S SEVERAL

DISCOVERY ORDERS.  PLAINTIFF'S NON-COMPLIANCE

WARRANTS DISMISSAL OF THIS ACTION WITH PRJUDICE………………...

CONCLUSION…………………………………………………………………………….

**TABLE OF AUTHORITIES**

*Adams vs. Trustees, N.J. Brewery Trust Fund.* 29 F. 3d 863, 875 -876. (3d Cir, 1994)

*Poulis v. State Farm Fire and Casualty Co.,*
        747 F.2d 863 (3d Cir. 1984) …………………………………………………*passim*

## PRELIMINARY STATEMENT

The plaintiff filed a notice of motion for "Facts to be Taken to be established or alternatively, for Summary Judgment" on April 30, 2010.  (Doc 96).  On April 13, 2010 the federal defendants filed a notice of motion returnable on May 17, 2010 to dismiss the complaint of plaintiff with prejudice pursuant to F.R. Civ.P.37 (b)(2)(A)(v).  On May 17, 2010 the plaintiff filed a memorandum seeking "alternative motion for Summary Judgment" as to Premiere Credit of North America, LLC (hereafter "PCNA").

PCNA joins in the succinct statement of the matter now before the court as summarized by the "federal defendants" in their pending motion to dismiss with prejudice:

> Plaintiff *pro se*, Hector L. Huertas, commenced this action in August 2008. The court granted plaintiff's application to proceed *in forma pauperis*. Doc. 1, 2.  Plaintiff has challenged the effort of the U.S. Department of Education [ED] and two private collection agencies to collect on plaintiff's student loan debts – debts that plaintiff incurred in the 1990s.  Throughout this action plaintiff has delayed and resisted discovery; he has not obeyed a series of discovery orders; most recently he has failed to appear for his deposition on dates ordered by this Court, despite the Court's express warning that his failure to comply would lead to dismissal of this civil action with prejudice. This case now should be dismissed for plaintiff's multiple failures to obey this Court's discovery orders.

On or about October 27, 20009, counsel for defendant Premiere Credit of North America [PCNA] served a notice for plaintiff's deposition (then noticed for November 19, 2009), along with a concomitant request under F.R.Civ.P. 34 that plaintiff produce for inspection "documents regarding your complaint in this case and your defense and prosecution of same; your "Social Security card; and all documents received by you from all parties in discovery."    Plaintiff did not file any motion for protective order as to either the notice of deposition or the document

request.

On December 18, 2009, Magistrate Judge Williams entered a written Amended Scheduling Order setting forth the directives that the Court had given at the November conference, including:

> 3.  On or before December 31, 2009, Plaintiff will respond to Defendant's outstanding discovery requests.
>
> 4.  On or before December 31, 2009, Plaintiff will submit a letter certifying that all documents in his possession relating to this case have been provided to Defendants.
>
> 7.  Any and all depositions in this case shall be completed before the status conference on January 19, 2010.

On December 31, 2010,  PCNA's counsel notified plaintiff that his deposition was rescheduled for January 14, 2010, at 9:30 AM, to be conducted in a jury room or conference room at the United States Courthouse in Camden, New Jersey, if available.  Counsel's notice reiterated the request that plaintiff produce all documents at this deposition.  .

At a status conference on January 19, 2010, Magistrate Judge Williams addressed  issues, including the timing of plaintiff's deposition and the (previously-ordered) requirements that plaintiff produce documents to defendants and to certify that he had done so.  The Court entered a written Amended Scheduling Order confirming the directives given at that conference, including:

> 1.  Plaintiff shall provide either a Certification or Affidavit to Defendants attesting to the fact that he has provided Defendants with a copy of all documents in his possession that relate to this case.
> 2.  Plaintiff will respond to the Defendant U.S. Department of Education's request for the documents that Plaintiff identified in response to his initial disclosures.  To this end, Plaintiff will either provide a copy of each and every document to Defendant at this deposition or certify that he, after expending reasonable efforts, is unable to locate the document.
> …
> 5.  In an effort to accommodate Plaintiff's stated medical condition, Plaintiff's deposition shall be conducted over two (2) days beginning on February 11, 2010 at 1pm until 4:30 pm and  resuming  on  February 16, 2010 at 1pm until 4:30 pm.  In any event, Plaintiff's

deposition shall not exceed 7 hours in total.

6.  If Plaintiff does not appear for his deposition and or fails to bring the duly requested documents to his deposition, he may be subject to sanctions, including the possible dismissal of his claim.

On March 1, 2010, the Honorable Robert B. Kugler, U.S.D.J., conducted oral argument on plaintiff's Objections to the Amended Scheduling Order.  The Court orally overruled plaintiff's objections and directed plaintiff to appear for deposition on March 10, 2010 and March 12, 2010.  The Court issued a written Order stating:

> IT IS HEREBY ORDERED  that Plaintiff's Objections [to the Amended Scheduling Order filed 01/19/2009 by Magistrate Judge Karen Williams, doc.76] are **OVERRULED**; and it is further
>
> ORDERED that Plaintiff **SHALL APPEAR** for his deposition and **SHALL PROVIDE** testimony pursuant to Federal Rule of Civil Procedure 30 at the Mitchell H. Cohen Building & United States Courthouse, 1 John F. Gerry Plaza, 4th and Cooper Streets, Camden, New Jersey 08101, on **March 10 2010 at 1 p.m**. and on **March 12, 2010 at 1 p.m**.; and it is further
>
> ORDERED that Plaintiff **SHALL COMPLY** with all previously entered discovery Orders; and it is further
>
> ORDERED that if Plaintiff does not comply with the terms of this Order, this civil action **SHALL BE DISMISSED WITH PREJUDICE** pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(v).

[Doc.87] (emphasis in original).

Notwithstanding the Order of March 1, 2010, plaintiff did not appear for his deposition (and production of documents) on March 10, 2010.   12, 2010.  Declaration of Counsel, ¶ 5: Exhibit C (Transcript).  PCNA has incurred expenses by obtaining the court reporter and appearing at the court ordered deposition.

Instead of complying with the Order of March 1, 2010, plaintiff submitted to the Clerk a motion "to disqualify" (for recusal of) the Honorable Robert B. Kugler and "motion to stay

Order of March 1, 2010." Doc. 90 [entered 03/11/2010, filed as of 03/09/2010]. ED and PCNA

filed responses opposing those motions, and plaintiff filed a reply. Doc. 91 [Ed opposition], Doc.

92 [PCNA opposition], Doc. 93 [plaintiff's reply]. By Order filed April 9, 2010, the Honorable

Garrett e. Brown, U.S.D.J. Chief Judge, U.S.D.C., D.N.J., determined that plaintiff's application

was "wholly without merit" and denied plaintiff's motion. Doc. 94.

## ARGUMENT

## POINT ONE

## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT IS WITHOUT ANY BASIS IN FACT, MAKES ASSUMPTIONS REGARDING FACTS NOWHERE IN THE RECORD AND CONTRADICTED BY DISCOVERY AND HIS PLEADINGS AND SHOULD BE DENIED OUT OF DUE TO PLAINTIFF'S OBDURATE REFUSAL TO BE DEPOSED AND STATE HIS CASE UNDER OATH AND EXAMINATION BY COUNSEL.

While the gravamen of plaintiff's motion for Summary Judgment seems to be that

PCNA never demonstrated its right to collect the debt owed by the plaintiff to Defendant

United States Department of Education, this is belied by both the documents supplied by

the plaintiff as part of this motion (See Exhibit D, supplied by the plaintiff as Document 96-1, pages 46 through 48.  Moreover, it is contradictory of the plaintiff's own pleading. See Document 10, Amended Complaint filed October 17, 2008, wherein on page 1 of 29 the plaintiff refers to the U.S. Department of Education and "its debt collector Premiere Credit of North America, LLC." ("PCNA")  See also paragraph #30 on page 7 wherein he states "Defendant collection PCNA is a registered collection" agency with Defendant Department of Education to collect guaranteed student loans.

PCNA never denied any discovery to the Plaintiff.  It advised him that it could not produce Mr. Todd Wolfe whom Plaintiff had noticed for Deposition, as Mr. Wolfe was no longer employed by PCNA.  (Doc. 96-2, p. 22 (email 2/1/10)).  It the advised the Plaintiff that he could select another representative of PCNA for deposition, but that Plaintiff would have to comply with F.R.Civ. P. 30(b) (6) and "describe with reasonable particularity the matters for examination. (by deposition)  This Plaintiff failed to do.

While the Plaintiff claims there was no contract between the US Department of Education and PCNA, in fact he presented to the court proof that PCNA had submitted the very document he says is missing.  See Doc. 96-1, pages 46 – 48 attached hereto as Exhibit D.

# Point Two

**PLAINTIFF HAS FAILED TO OBEY THE COURT'S SEVERAL DISCOVERY ORDERS.  PLAINTIFF'S NON-COMPLIANCE WARRANTS DISMISSAL OF THIS ACTION WITH PREJUDICE.**

In determining whether to dismiss a civil action on account of a party's failure to comply with the Court's order, including scheduling and discovery orders, the Court ordinarily is to examine the case in light of the factors identified by the Third Circuit in *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863 (3d Cir. 1984).  The Poulis opinion stated six factors should be considered when deciding whether a complaint should be dismissed.

1.  **Party's personal responsibility**.  Since plaintiff appears *pro se*, he bears sole responsibility for his failure to comply with the requirements of the Federal Rules of Civil Procedure and the several Orders of the Court.

2. **History of dilatoriness**. The record of this case demonstrates plaintiff's repeated failures to abide by the time limits of the Federal Rules of Civil Procedure and the several Orders of this Court.  In its Amended Scheduling Order of January 19, 2010, the Court reiterated its directives to plaintiff that he produce the documents in his possession and certify that he had done so.  Plaintiff did not comply with that Order.  Finally, in two separate orders the Court has ordered plaintiff to appear for deposition (and to produce documents) on specific dates.  Notwithstanding the Court's solicitude in accommodating plaintiff's wishes in arranging for the time (and the precise location) of his deposition, plaintiff has not appeared for his deposition.  As the *Poulis* decision instructed: "[t]ime limits imposed by the rules and the court serve an important purpose for the expeditious processing of litigation…A history by [plaintiff] of ignoring these time limits is intolerable."  *Id.*,

747 F.2nd at 868.  This factor weighs in favor of dismissal.

**3. Prejudice to the adversary.**  Plaintiff's recurrent failure to cooperate in discovery and his failure to comply with the Court's several discovery orders plainly has worked to the defendants' prejudice.  He has failed on three occasions to appear at his Court-ordered deposition to answer questions about his claims and to provide documents in his possession pertinent to those his claims.  As in *Poulis*, "defendant[s have] encountered lack of cooperation from the plaintiff in areas where the plaintiff should cooperate under the spirit of the federal procedural rules." *Poulis*, 747 F.2d at 868.

**4. Whether conduct was willful or in bad faith.**  The record of this case compels the conclusion that plaintiff's repeated failure to obey the Court's discovery orders – and particularly the March 1 Order that he appear for disposition on March 10 and march 12 and that he comply with all prior discovery orders – represents plaintiff's intentional conduct.  This simply is not a case where plaintiff's failure to appear on March 10 and 12 for his latest-ordered deposition (and production of documents, per prior discovery orders) can reasonably be considered the result of neglect, inadvertence, mistake or inability.  The Court's Order of March 1, 2010, gave plaintiff "the straightforward choice" of appearing for his deposition on given dates and complying with all previously entered discovery orders, or risking dismissal of his action.  The court, and defense counsel, went to some lengths to satisfy plaintiff's requests about the start time and the precise location of his deposition, yet plaintiff failed to appear.

At a bare minimum, it appears that plaintiff's conduct in disobeying this latest in the series of discovery orders represents his own intentional choice.  This factor weighs in favor of dismissal.

**5. Alternative sanctions**.  Since plaintiff is proceeding In Forma Pauperis, monetary sanctions are not a viable alternative option to motivate plaintiff to comply with the Court's orders.  *Adams vs.*

*Trustees, N.J. Brewery Trust Fund.* 29 F. 3d 863, 875 -876. (3d Cir, 1994)

This factor weighs in favor of dismissal.

**6. Meritoriousness of claim or defense**.  As one factor to be weighed with those above, the District Court is to assess the facial merits of a claim or defense.  *Poulis*, 747 F.2d at 869-70 However, as set forth in the Declaration of Counsel, Plaintiff's claim is based on facts contradicted by discovery and by the plaintiff's own pleadings.


Plaintiff's bad faith can be seen in his Answers to PCNA's Interrogatories, numbering 24,  which plaintiff refused to answer as "exceeding 25."  One can only conclude that Plaintiff is engaging in a calculated course of delaying his own litigation.  See *Adams vs. Trustees, N.J. Brewery Trust Fund.* 29 F. 3d 863, 875 -876. (3d Cir, 1994)


## CONCLUSION

For the reasons set forth above, Premiere Credit of North America, LLC respectfully requests that the Court dismiss this action with prejudice.  The plaintiff has flouted the orders of this court and PCNA should not be required to expend further efforts to force the Plaintiff to be deposed.

Respectfully submitted,

PRESSLER AND PRESSLER, LLP
Attorneys for Premiere Credit of North
America, LLC

s/Steven P. McCabe

Dated:  June 7, 2010                                 By: _____
                                                                        Steven P. McCabe