NOT FOR PUBLICATION (Document Nos. 95, 96, 107)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
                                    :
HECTOR L. HUERTAS,                  :
                                    :
             Plaintiff,             :   Civil No. 08-3959 (RBK/KMW)
                                    :
          v.                        :   **OPINION**
                                    :
U.S. DEPARTMENT OF EDUCATION,       :
DIANE SPADONI, AND PREMIER          :
CREDIT OF NORTH AMERICA, LLC.       :
                                    :
             Defendants.            :
_____ :

**KUGLER**, United States District Judge:

This action arises out of alleged abuses suffered by Plaintiff Hector L. Huertas because of an outstanding student loan debt.  Pending before the Court is a Motion to Dismiss by Defendants Diane Spadoni and U.S. Department of Education and a "Cross" Motion to Dismiss by Defendant Premier Credit of North America.  Also pending is Plaintiff's Motion for Facts to be Taken as Established, or alternatively, for Summary Judgment.  For the reasons explained below, the Court will grant Defendants' Motions to Dismiss and dismiss Plaintiff's Motion for Facts to be Taken as Established, or alternatively, for Summary Judgment as moot.

**I.     BACKGROUND**

Plaintiff Hector L. Huertas attended Rutgers University in Camden, New Jersey, between 1991 and 1997.  Plaintiff seemingly financed his education with loans from the Department of Education (DOE).  Plaintiff also apparently defaulted on those loans sometime after 1997.  At

1

some point, the United States obtained a lien against Plaintiff's house; however, another creditor also obtained a lien against the home and foreclosed on that lien in 2000. The United States's lien was not discharged. Plaintiff maintained and continues to maintain that the United States should have discharged his DOE debt by foreclosing on his home.

Around January 29, 2007, Plaintiff received a debt collection letter from Defendant Collectco, Inc., d/b/a Collection Company of America.[1] The letter purported to seek collection on the student loan debt owed to the DOE. The letter requested $27,740.30, which included interest and penalty charges. On February 25, 2007, Plaintiff requested documents regarding the debt from Collectco, and it responded on May 28, 2007 by supplying Plaintiff's tax return for year 2000, "private confidential information, and some documentation from Rutgers University in Camden, concerning the disputed DOE debt." Amd. Compl. at ¶ 25. Thereafter, Collectco ceased all communications with Plaintiff.

Sometime after May 2007, DOE transferred the outstanding debt to Premier Credit of North America, LLC (PCNA). PCNA, like Collectco, contacted Plaintiff seeking payment of the DOE debt. Plaintiff disputed the debt with PCNA, who thereafter supplied Plaintiff with the promissory notes to the disputed debt. PCNA continued to pursue collection.

Meanwhile, Plaintiff began to see reduced amounts in expected monies from the United States. For example, in February 2008, Plaintiff received only $750 of an expected $855.70 from the Social Security Administration. The DOE seemingly had offset Plaintiff's funds because of the past-due debt. Additionally, in May 2008, Plaintiff received an economic stimulus tax refund that was likewise offset for the past-due DOE debt. To date, Plaintiff continues to receive Social

---

[1] Defendant Collectco, Inc. was dismissed as a party to this suit on October 14, 2009. Docket No. 57.

Security benefit payments that are offset because of the debt.

Plaintiff, proceeding pro se, filed the first Complaint in this matter on August 7, 2008 against Defendants DOE, PCNA, and Diane Spadoni, Director of the Customer Care Group at DOE. The Court permitted Plaintiff to proceed in forma pauperis. Plaintiff filed an Amended Complaint naming Collectco as a Defendant on October 17, 2008. Docket No. 10.

The first Scheduling Order in this action, filed February 25, 2009, directed the parties to make initial disclosures under Federal Rule of Civil Procedure 26(a) by March 31, 2009 and to serve initial written discovery by the same date. Docket No. 29. Plaintiff's Initial Disclosures included a section entitled "B. List of Attached Documents," which named more than fifty separate documents. Despite Plaintiff's heading, Plaintiff did not attach or otherwise provide copies of any of the listed documents, nor did he state their location. On the contrary, Plaintiff expressly stated "NOT ATTACHED" at the end of each numbered paragraph in Section B.

Per the initial Scheduling Order, DOE served initial written discovery on Plaintiff on March 31, 2009, including requests for Plaintiff's full name, date of birth, information about other lawsuits, and a request that Plaintiff provide copies of all documents that he claimed supported his claims. As of the next status conference, conducted on August 26, 2009 before Magistrate Judge Karen M. Williams, Plaintiff had not responded to DOE's written discovery requests. At the conference, Magistrate Judge Williams issued an Amended Scheduling Order requiring Plaintiff to respond to all outstanding discovery requests on or before September 30, 2009. Docket No. 51. Magistrate Judge Williams scheduled the next status conference for November 18, 2009.

On October 23, 2009, DOE filed a motion to compel Plaintiff to fully respond to DOE's

written discovery requests, including complete responses to specific interrogatories and production of the thirty-four documents that Plaintiff listed in his Initial Disclosures but had not provided. Docket No. 59. On November 4, 2009, Plaintiff filed a memorandum in opposition to DOE's motion to compel. Docket No. 61.

On or about October 27, 2009, Defendant PCNA served a notice for Plaintiff's deposition for November 19, 2009. PCNA also submitted a request to Plaintiff under Federal Rule of Civil Procedure 34 that Plaintiff produce for inspection documents regarding Plaintiff's Complaint and prosecution of this case; Plaintiff's Social Security card; and all documents received by Plaintiff from all parties in discovery. Plaintiff did not file any motion for protective order as to either the notice of deposition or the request for documents.

At the status conference on November 18, 2009, Magistrate Judge Williams addressed DOE's motion to compel discovery in addition to other matters. Magistrate Judge Williams ordered Plaintiff to respond to all outstanding discovery requests and to provide a letter certifying that all documents in Plaintiff's possession related to this case had been provided to Defendants. Magistrate Judge Williams then scheduled another status conference for January 19, 2010.

On December 18, 2009, Magistrate Judge Williams entered a written Amended Scheduling Order setting forth the directives that the Court had given at the November conference, including but not limited to an extension of discovery until January 29, 2010, an order for Plaintiff to respond to DOE's outstanding discovery requests by December 31, 2009, an order for Plaintiff to submit a letter certifying that all documents in his possession relating to the case had been provided to Defendants by December 31, 2009, and an order that all depositions in this case should be completed before the status conference on January 19, 2010. Docket No. 64.

On December 18, 2009, Magistrate Judge Williams also entered a separate written Order granting DOE's motion to compel discovery, which ordered Plaintiff to provide copies of all documents listed in Plaintiff's Initial Disclosures, the documents Plaintiff referred to in his response to Interrogatory/Document Request 8, and full and complete responses to Interrogatories 2, 3, 4, and 5.  Docket No. 65.  Plaintiff did not file any objection to or appeal from either of the Orders entered on December 18, 2009.

On December 31, 2009, Defendants DOE and PCNA each notified Plaintiff of his rescheduled deposition on January 14, 2010, at 9:30 a.m., to be conducted at the United States Courthouse in Camden, New Jersey.  Both Defendants' notices reiterated the request that Plaintiff produce all requested documents at Plaintiff's deposition.  On January 8, 2010, Plaintiff notified DOE's counsel of certain objections concerning Plaintiff's deposition, including the time of the deposition.  Plaintiff did not file any motion for protective order with the Court.  On January 11, 2010, DOE's counsel advised Magistrate Judge Williams of Plaintiff's objections to his deposition and that Plaintiff had still not provided the Court-Ordered documents or a letter certifying that he had provided all of the documents in his possession to Defendants.  Magistrate Judge Williams directed that the Court would address these issues at the status conference on January 19, 2010.

At the status conference on January 19, 2010, Magistrate Judge Williams addressed the timing of Plaintiff's deposition and the Court-Ordered documents and certification letter.  Magistrate Judge Williams entered a written Amended Scheduling Order including orders for Plaintiff to provide certification or an affidavit to Defendants that he had provided all documents in his possession that relate to this case and to provide all requested documents to Defendants.

Docket No. 74. Magistrate Judge Williams also scheduled Plaintiff's deposition to be conducted over two days (due to Plaintiff's stated medical condition) on February 11, 2010 and February 16, 2010. Magistrate Judge Williams ordered that Plaintiff's deposition should not exceed seven hours in total. The Amended Scheduling Order also stated that if Plaintiff did not appear for his deposition or failed to bring the requested documents, he could be subject to sanctions, including the possible dismissal of his claim. Docket No. 74.

On February 3, 2010, Plaintiff filed a motion to recuse Magistrate Judge Williams along with objections to the Amended Scheduling Order of January 19, 2010, and a motion to stay the Amended Scheduling Order. Docket Nos. 76, 77. Defendants DOE and PCNA filed responses in opposition to Plaintiff's objections and accompanying motions. Docket Nos. 78, 79, 80. Plaintiff submitted a reply. Docket No. 84.

On February 11, 2010, the Courthouse was closed due to inclement weather, and Plaintiff's deposition did not take place. Plaintiff did not appear for his deposition on February 16, 2010.

On March 1, 2010, this Court conducted oral arguments on Plaintiff's objections to the Amended Scheduling Order. The Court orally overruled Plaintiff's objections and ordered Plaintiff to appear for deposition on March 10, 2010 and March 12, 2010. The Court also issued a written Order stating the same, including "that if Plaintiff does not comply with the terms of this Order, this civil action shall be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(v)." Docket No. 87 (emphasis omitted).

On March 3, 2010, DOE notified Plaintiff by email, regular mail, and certified mail that his deposition and production of documents on March 10, 2010 would take place in Courtroom 6

6

of the Courthouse, and that his deposition and production of documents on March 12, 2010 would take place in Courtroom 5A of the Courthouse. On March 4, 2010, Plaintiff sent an email to DOE's counsel insisting that he could not go to Courtroom 6 or Courtroom 5A, but could attend the deposition in Magistrate Judge Schneider's jury room. DOE subsequently notified Plaintiff that, with permission from Magistrate Judge Schneider's chambers, both of his depositions would take place in Magistrate Judge Schneider's jury room.

On March 9, 2010, Plaintiff filed a motion to recuse the Honorable Robert B. Kugler and a motion to stay the Order of March 1, 2010 compelling Plaintiff to attend his deposition. Docket No. 90. Defendants DOE and PCNA filed responses opposing Plaintiff's motions, Docket Nos. 91, 92. Plaintiff filed a reply. Docket No. 93. Plaintiff did not appear for his deposition or did not produce documents on March 10, 2010. Nor did Plaintiff appear for his deposition or produce documents on March 12, 2010. Defendants bore the cost of the court reporter on both days. On April 9, 2010, Honorable Garrett E. Brown, U.S.D.J. Chief Judge of the District of New Jersey, filed an Order concluding that Plaintiff's application was "wholly without merit" and denied Plaintiff's motion to recuse and his motion to stay this Court's Order of March 1, 2010. Docket No. 94.

On April 13, 2010, Defendants Diane Spadoni and DOE filed a Motion to Dismiss this action with prejudice. Docket No. 95. Defendant PCNA joined Defendants DOE and Spadoni by filing a "Cross" Motion to Dismiss on June 7, 2010. Docket Nos. 107, 108. On April 30, 2010, Plaintiff filed a Motion for Facts to be Taken as Established, or alternatively, for Summary Judgment. Docket No. 96. The Motions are now all briefed and ripe for disposition.

## II.    DISCUSSION

A trial court must balance six factors when considering whether to dismiss an action with prejudice under Rule 37. Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984). The six factors to be balanced are:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Id. Although courts should weigh each of these factors when considering dismissal, there is no "magic formula whereby the decision to dismiss or not to dismiss a plaintiff's complaint becomes a mechanical calculation easily reviewed." Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992). In fact, not all of the Poulis factors need be satisfied for a dismissal to be proper. Id.

The sanction of dismissal with prejudice should only be used in limited circumstances, and, where there are doubts, a decision should be reached on the merits. Emerson v. Thiel Coll., 296 F.3d 184, 190 (3d Cir. 2002). However, the Third Circuit gives great deference to decisions by District Courts to dismiss with prejudice and looks only to whether the District Court abused its discretion in granting the dismissal. Shahin v. Delaware, 345 Fed. Appx. 815, 816-17 (3d Cir. 2009) ("[W]e afford the District Court's decision 'great deference' in view of the fact that, unlike us, the District Court has had direct contact with the litigants and is intimately familiar with the disruptions and difficulties caused by the behavior that led to punitive dismissal") (citing Mindek, 964 F.2d at 1373); see also Marshall v. Sielaff, 492 F.2d 917, 918 (3d Cir. 1974).

Courts are encouraged to be more lenient when a litigant proceeds pro se. See Haines v.

8

Kerner, 404 U.S. 519, 520 (1972) (holding pro se complaints to less stringent standards than complaints by attorneys); Palmer v. City of Decatur, 814 F.2d 426, 428-29 (7th Cir. 1987) (recognizing the "well-established duty of the trial court to ensure that the claims of a pro se litigant are given a 'fair and meaningful consideration'"); Bey v. Daimler Chrysler Services of N. Am., LLC, No. 04-6186, 2006 WL 1344080, at *5 (D.N.J. May 15, 2006) ("pro se plaintiffs are entitled to a certain degree of leniency").  However, courts are unwilling to allow pro se litigants to disregard court orders and perpetually delay trial proceedings.  See Wallace v. Graphic Mgmt. Associates, 197 Fed. Appx. 138, 140 (3d Cir. 2006) (affirming dismissal when pro se plaintiff consistently ignored court orders to produce personal notes and failed to appear at hearings and status conference); Emerson, 296 F.3d at 187-88 (affirming dismissal when pro se plaintiff failed to timely meet deadlines, did not provide a physician's letter requested by the court on the second occasion of a medical mishap, and failed to attend hearing concerning pending motions); Mindek, 964 F.2d at 1370-73 (affirming dismissal when pro se plaintiff brothers "continually flouted court orders and denigrated the authority of the magistrate judge to whom their case was assigned" for more than four years).

Federal Rule of Civil Procedure 37(b)(2)(A)(v) provides that a district court may dismiss an action when a party "fails to obey an order to provide or permit discovery."  Fed. R. Civ. P. 37(b)(2)(A)(v).  Although a severe sanction, dismissal serves the dual purposes of punishing the improper conduct and deterring future delinquency and "abuses of the discovery process."  Al Barnett & Son, Inc. v. Outboard Marine Corp., 611 F.2d 32, 35-36 (3d Cir. 1979) (citing Nat'l Hockey League v. Metro. Hockey Club, 427 U.S. 639, 643 (1976)).

In the present action, pro se Plaintiff has disregarded procedural rules, flouted Court

Orders, and delayed proceedings.  An analysis of the Poulis factors establishes that dismissal of this action with prejudice is permitted and appropriate.

### A. Poulis Factors

#### 1. Extent of the Party's Personal Responsibility

A pro se plaintiff is personally responsible for the progress of his case and complying with a court's orders.  Briscoe v. Klaus, 538 F.3d 252, 258-59 (3d Cir. 2008) (citing Emerson, 296 F.3d at 190-91); see also Poulis, 747 F.2d at 868.  When a plaintiff chooses to represent himself or herself, any delay or failure to obey a court's orders is personally attributable to the pro se plaintiff.  See Shahin, 345 Fed. Appx. at 817.

In the present action, Plaintiff has proceeded entirely pro se.  Therefore, any failure to provide documents for discovery or to appear for a deposition is directly attributable to him.  Plaintiff filed his Complaint and Amended Complaint, attended status conferences, presented oral arguments, and filed and replied to numerous motions submitted to the Court.  Plaintiff responded, at least in part, to Defendants' interrogatories and subsequently failed to furnish documents or additional answers Defendants requested, despite Court Orders to do so.  On three occasions, Plaintiff failed to appear for his scheduled deposition, one ordered by Magistrate Judge Williams and one ordered by this Court.  Plaintiff maintains direct control over how he proceeds in this case, and any delay or failure to follow a Court-issued Order falls squarely on him.  This factor favors dismissal.

#### 2. Prejudice to the Adversary

The Third Circuit has stated that "[e]vidence of prejudice to an adversary 'would bear substantial weight in support of a dismissal or default judgment.'"  Adams v. Trustees of the N.J.

Brewery Employees' Pension Trust Fund, 29 F.3d 863, 873-74 (3d Cir. 1994) (quoting Scarborough v. Eubanks, 747 F.2d 871, 876 (3d Cir. 1984)). "Examples of such prejudice are the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party." Scarborough, 747 F.2d at 876. Other examples of prejudice include non-compliance with discovery and the costs incurred by the adversary in obtaining court orders forcing cooperation with discovery. Adams, 29 F.3d at 874.

Here, Defendants have suffered prejudice due to Plaintiff's continued delay of proceedings and failure to attend his Court-Ordered depositions. Plaintiff has consistently failed to comply with discovery, despite numerous Court Orders requiring him to do so. Defendants have wasted time and incurred costs, including securing a court reporter for Plaintiff's unattended depositions on more than one occasion. Although little harm has likely been done as far as the dimming of witnesses' memories or the irretrievable loss of evidence, Defendants have nonetheless suffered prejudice from Plaintiff's obstinate refusal to comply with discovery. Defendants have been forced to file motions to compel the Plaintiff to comply with discovery, and Plaintiff still has not provided Defendants with the requested items despite his insistence of the relevance of these items to his claims, thus further delaying these proceedings indefinitely. Therefore, this factor favors dismissal.

### 3. A History of Dilatoriness

Court orders and the Federal Rules of Civil Procedure impose time limits and deadlines on litigants, which serve the important function of expediting the litigation process. Poulis, 747 F.2d at 868. If a party needs additional time from a court, there are rules in place for requesting

such extensions.  Id.  When parties consistently disregard and ignore these rules, however, sanctions, including dismissal, may be appropriate.  Id.; see also Alexe v. Lucent Techs., Inc., No. 07-453, 2007 WL 3026864, at *3 (D.N.J. Oct. 17, 2007) ("[I]gnoring the Court's time limits is intolerable.").  In addition, a court must consider the overall behavior of a litigant over the life of a case.  Adams, 29 F.3d at 875; compare Dyotherm Corp. v. Turbo Mach. Co., 392 F.2d 146, 148-49 (3d Cir. 1968) (overturning dismissal due to a lack of dilatory conduct during the first two and a half years of litigation even when plaintiff's counsel appeared late and unprepared at trial and without the key witness), with Al Barnett & Son, Inc., 611 F.2d at 34 (affirming dismissal when plaintiffs, from the start of litigation, failed to provide answers to interrogatories after three court-issued orders, did not provide defense with requested documents, and refused to attend depositions).

 Here, Plaintiff has established a history of dilatoriness.  On numerous occasions, both Magistrate Judge Williams and this Court set deadlines for Plaintiff to submit documents requested by Defendants for purposes of discovery.  Plaintiff has continuously flouted these Orders.  Due to the Court's leniency with pro se plaintiffs, Plaintiff was given an abundance of extensions and allowances to satisfy the Court's Orders and Defendants' requests.  From the start of this case, the Court has had to compel the Plaintiff to comply with discovery.  Plaintiff failed to respond at all to Defendants' discovery requests until an Order from the Court on August 26, 2009 required Plaintiff to respond.  When Plaintiff did provide responses to discovery requests, they were incomplete.  Defendants again had to ask the Court to compel Plaintiff to provide Defendants with the requested documents, which the Court granted on December 18, 2009.  Plaintiff did not comply with that Order.  On January 19, 2010, the Court again directed Plaintiff

to provide Defendants with requested documents for the purposes of discovery. Plaintiff did not comply with that Order.

Furthermore, in two separate Orders, the Court has ordered Plaintiff to appear for deposition at specific times and dates. Plaintiff failed to appear for scheduled depositions on these occasions, the final of which this Court ordered him to attend under pain of dismissal with prejudice. This factor, therefore, favors dismissal.

### 4. Whether the Conduct was Willful or in Bad Faith

A court must consider whether a litigant's "conduct in failing to comply with the court's orders and in dragging the case out was willful and not merely negligent or inadvertent." Emerson, 296 F.3d at 191. Willful behavior is characterized as conduct that is self-serving or intentional. Id.; see also Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988) (finding plaintiff's conduct willful when he failed to return to an ongoing deposition and three subsequent depositions, one of which was court ordered); Alexe, 2007 WL 3026864, at *3 (finding plaintiff's acts willful when plaintiff failed to obey court order and waited until morning of deposition to cancel deposition).

Here, Plaintiff's conduct appears willful to the Court and not merely negligent nor inadvertent. Plaintiff consistently disregarded the Court's Orders to provide Defendants with documents and answers to interrogatories. Due to the number of Orders directing Plaintiff to act and Plaintiff's perpetual refusal to do so, the Court is compelled to infer that Plaintiff's acts were intentional.

Plaintiff attended status conferences with Magistrate Judge Williams and oral arguments with this Court. The Scheduling Order was amended on at least two occasions compelling

Plaintiff to comply with discovery, with clear instructions on what to provide Defendants. Plaintiff did not comply with these Orders.

Upon the scheduling of Plaintiff's third deposition, Defendants notified Plaintiff of the time and location within the Courthouse. Plaintiff notified Defendants that he would not attend a deposition in Courtroom 6 or Courtroom 5A. Defendants, without any order from the Court, requested permission from Magistrate Judge Schneider to hold the deposition in Magistrate Judge Schneider's jury room. Permission was granted, and Plaintiff was notified of the change by email, regular mail, and certified mail. Plaintiff failed to attend his deposition on March 10, 2010 and March 12, 2010.

Plaintiff's argument that his motions to recuse and to stay this Court's Order for Plaintiff to be deposed excused him from attending his deposition is wholly without merit. A litigant has no authority to stay court-ordered proceedings by filing a motion to recuse or motion to stay. Cf. Spain v. Gallegos, 26 F.3d 439, 454 (3d Cir. 1994) ("A party disappointed with a court's ruling may not refuse to proceed and then expect to obtain relief on appeal from an order of dismissal or default."); Marshall v. Sielaff, 492 F.2d 917, 919 (3d Cir. 1974) ("If a litigant could refuse to proceed whenever a trial judge ruled against him, . . . the policy against piecemeal litigation and review would be severely weakened."); Jones v. Smith, 99 F.R.D. 4, 8 (M.D. Pa. 1983) (stating that unless pro se plaintiff filed a motion for a protective order, there is no protection for refusing to attend deposition). Therefore, Plaintiff's motions filed on March 9, 2010 do not excuse his absence from his deposition on March 10, 2010 and March 12, 2010. Furthermore, Honorable Garrett E. Brown, U.S.D.J. Chief Judge of the District of New Jersey, subsequently found Plaintiff's motions "wholly without merit" and denied both motions. Plaintiff's frivolous efforts

to get out of being deposed indicate to the Court intentional and self-serving behavior.  This factor favors dismissal.

### 5. Alternative Sanctions

When considering dismissal as a sanction, a court should consider the availability of alternative sanctions.  Briscoe, 538 F.3d at 262 (citing Poulis, 747 F.2d at 869).  When a plaintiff is proceeding pro se, and moreover, in forma pauperis, monetary sanctions are inappropriate as an effective alternative.  Id.; Emerson, 296 F.3d at 191.  Alternative sanctions for failure to comply with discovery are offered in Federal Rule of Civil Procedure 37(b)(2).  A court can direct "that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; prohibit[] the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; strik[e] pleadings in whole or in part; stay[] further proceedings until the order is obeyed; render[] a default judgment against the disobedient party; or treat[] as contempt of court the failure to obey any order."  Fed. R. Civ. P. 37(b)(2)(i)-(vii).

Here, no alternative sanctions are appropriate.  Because Plaintiff is proceeding pro se and in forma pauperis, monetary sanctions are not proper.  Furthermore, in this Court's Order on March 1, 2010, the penalty for failing to attend the deposition on March 10, 2010 and March 12, 2010 was dismissal with prejudice.  Although there are alternative sanctions the Court could consider under Rule 37(b)(2), the Court explicitly stated the sanction that would be imposed if Plaintiff violated the Order.  Therefore, this factor favors dismissal.

### 6. Meritoriousness of Claim or Defense

Courts generally use the standard for a Rule 12(b)(6) motion to determine whether a

claim is meritorious.  Briscoe, 538 F.3d at 263.  A court must accept as true all factual allegations in the complaint and any inferences that may reasonably be drawn from them.  Huertas v. City of Philadelphia, No. 02-7955, 2005 WL 226149, at *5 (E.D. Pa. Jan. 26, 2005).  Therefore, a claim or defense will be considered meritorious if the allegations of the pleadings, if established at trial, would support recovery by the plaintiff or constitute a complete defense.  Briscoe, 538 F.3d at 263; Adams, 29 F.3d at 876; Poulis, 747 F.2d at 869-70.  In Briscoe, the District Court found that the plaintiff's claims had some merit because they cleared the summary judgment phase and were sufficient to proceed to trial.  538 F.3d at 263.  On the other hand, where a plaintiff raises a facially meritorious claim but the defendant raises a prima facie defense, the meritoriousness factor may not weigh in the plaintiff's favor and may be considered neutral.  Emerson, 296 F.3d at 191; Adams, 29 F.3d at 876-77.

Here, some of Plaintiff's claims may have merit.  For the reasons stated in the Court's previous opinion, Huertas v. U.S. Dep't of Education, No. 08-3959, 2009 WL 3165442, at *2-10 (D.N.J. Sept. 28, 2009), Counts Four, Six, Seven, Nine, Eleven, Twelve, Thirteen, Fourteen, and Fifteen are as unviable against DOE, Spadoni, and PCNA as they were against Collecto, Inc.  Counts Eight and Ten are unviable against Spadoni and PCNA because they are not government agencies.  Therefore, Counts One, Two, Three, and Five must be analyzed as to DOE, Spadoni, and PCNA, and Counts Eight and Ten must be analyzed as to DOE because of its status as an agency of the Executive Branch of the Government.

In Count One, Plaintiff alleges a violation of 31 U.S.C. §§ 3716(a) and (b) by all Defendants.  Sections 3716(a) and (b) require an agency to give notice prior to the commencement of administrative offsets.  31 U.S.C. §§ 3716(a), 3716(b).  This statute, however,

16

applies only to executive, legislative, and judicial agencies. Therefore, DOE would be the only Defendant in this action potentially liable under this action. This claim against Spadoni and PCNA, therefore, is unviable. Taking Plaintiff's factual allegations as true, this claim against DOE may have merit.

In Count Two, Plaintiff alleges a violation of 31 U.S.C. § 3720A(a) by all Defendants. Section 3720A(a) allows a federal agency to reduce a tax refund when the federal agency is owed a past-due, legally enforceable debt. 31 U.S.C. § 3720A(a). Plaintiff contends that Defendants did not have a legally enforceable debt against Plaintiff when Plaintiff's economic stimulus tax refund was offset. This Count is unviable against both Defendants Spadoni and PCNA as both are private entities. Count Two remains viable against DOE as a federal agency. Taking Plaintiff's allegations as true, this claim against DOE may have merit.

In Count Three, Plaintiff alleges a violation of 31 U.S.C. § 3720A(b)(1) by all Defendants. Section 3720A(b)(1) requires a federal agency to notify a person when the agency intends to offset a debt with a reduction in an individual's tax refund. 31 U.S.C. § 3720A(b)(1). This Count is unviable against both Defendants Spadoni and PCNA as both are private entities. Count Three remains viable against DOE as a federal agency. Thus, taking Plaintiff's allegations as true, this claim against DOE may have merit.

In Count Five, Plaintiff alleges a violation of 15 U.S.C. § 1692(g)(b), the Federal Fair Debt Collection Practices Act by all Defendants. Section 1692(g)(b) requires a debt collector to cease collection of a debt if a consumer disputes the debt until the debt collector receives verification of the debt. 15 U.S.C. § 1692(g)(b). Taking Plaintiff's allegations as true, Count Five may have merit against PCNA. Section 1692(a)(6) defines a "debt collector" as "any person

17

who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts." 15 U.S.C. § 1692(a)(6). Plaintiff's claims against Defendant Spadoni and DOE likely have no merit. Section 1692(a)(6) instructs that any business "the principle purpose of which" is debt collection is a "debt collector." Id. Therefore, Count Five against Defendants Spadoni and DOE are unviable.

Finally, the Court must analyze Counts Eight and Ten only as to Defendant DOE. Count Eight alleges a violation of 5 U.S.C. § 552a(b). Section 552a(b) provides: "No agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains." 5 U.S.C. § 552a(b). Taking Plaintiff's allegations as true, Count Eight against DOE, a federal agency, may have merit.

In Count Ten, Plaintiff alleges a violation of 5 U.S.C. §§ 552a(e)(9) and (10). Sections 552a(e)(9) and (10) require that each agency establish rules of conduct for persons involved in the system of records and establish proper administrative and other safeguards to protect the safety and confidentiality of those records and the individuals to whom they belong. 5 U.S.C. §§ 552a(e)(9), 552a(e)(10). Taking Plaintiff's allegations as true, Count Ten against DOE, a federal agency, may have merit.

A claim or defense will be considered meritorious if the allegations of the pleadings, if established at trial, would support recovery by the plaintiff or constitute a complete defense. Briscoe, 538 F.3d at 263. Here, Plaintiff has alleged certain violations, which, if established at trial, would entitle Plaintiff to relief. Nonetheless, not all of the six Poulis factors need be satisfied for the Court to dismiss an action with prejudice. Mindek, 964 F.2d at 1373. Here, the

Court has considered all of the factors to determine that dismissal with prejudice is appropriate. Plaintiff's consistent disregard for the Court's Orders warrant dismissal. Because Plaintiff is proceeding pro se, he bears personal responsibility in his failure to obey Court Orders and comply with discovery. Defendants have been prejudiced by Plaintiff's inaction in responding to the Court's Orders to comply with discovery, as Defendants have invested time and money preparing for proceedings and scheduling and paying court reporters for scheduled depositions. Plaintiff's continuous disregard to comply with discovery implies to the Court intentional and willful conduct, and not merely negligence or inadvertence. Alternative sanctions are not appropriate because Plaintiff is proceeding pro se and in forma pauperis. Finally, although some of Plaintiff's claims may have merit, not all of the Poulis factors need be satisfied for dismissal to be proper. Five factors favor dismissal, and therefore, dismissal is appropriate. "The district courts cannot, and should not, tolerate unjustifiable delays and the expenditure of irreplaceable judicial resources caused by litigants, pro se or represented, who will not obey court orders." Mindek, 964 F.2d at 1375. This Court agrees.[2]

### III. CONCLUSION

For the foregoing reasons, Defendants DOE and Spadoni's Motion to Dismiss and Defendant PCNA's "Cross" Motion to Dismiss are **GRANTED** and Plaintiff's Motion for Facts

---

[2] Because of this conclusion, Plaintiff's Motion for Facts to be Taken as Established, or alternatively, for Summary Judgment is dismissed as moot.

to be Taken as Established, or alternatively, for Summary Judgment is **DISMISSED AS MOOT**.

An appropriate order shall follow.


Date:  7-12-10                                          /s/ Robert B. Kugler
                                                       ROBERT B. KUGLER
                                                       United States District Judge